## Heath *v.* The State.

*Indictment for Selling or Giving Liquor to Minor.*

1. *Charge on evidence.*—A charge given in a criminal case, instructing the jury that they must find the defendant guilty, "if they believe the evidence," omitting the expression "beyond a reasonable doubt," or other equivalent words, is reversible error.

2. *Selling or giving liquor to minor; negativing consent of parent or guardian.*—In an indictment for selling or giving liquor to a minor, (Code, § 4038), it is not necessary to negative either the consent of the parent or guardian or the prescription of a physician; but, when the indictment contains these averments, it is the safer practice to prove them.

FROM the Circuit Court of Dale.
Tried before the Hon. JESSE M. CARMICHAEL.

WM. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.—The indictment charges that the defendant, "a person other than the parent, or guardian, or person having the management and control of Albert Smith, a minor, did sell or give spirituous, vinous or malt liquors to Albert Smith, a minor, without the consent of the parent, or guardian, or person having the management and control of said Albert Smith, a minor, and not upon the prescription of a physician," &c. The only evidence adduced on the trial was that of said Albert Smith, who testified, in effect, that within twelve months before the finding of the indictment, the defendant, in Dale county, gave him whiskey, and that at that time he, the witness, was only eighteen years of age. Upon this, the court, at the request of the solicitor, in writing, charged the jury that, "if they believed the evidence," they must find the defendant guilty. This charge was erroneous. It authorized and required a verdict of guilty, if the jury believed the evidence, though they may

| 99 | 179 |
| 100 | 121 |
| 100 | 130 |
| 99 | 179 |
| 104 | 42 |
| 99 | 179 |
| 106 | 35 |
| 99 | 179 |
| 113 | 664 |
| 99 | 179 |
| 137 | 92 |

[Justice v. The State.]

not have believed it beyond a reasonable doubt.—*Pierson v. State, ante* p. 148.

It was not necessary for the indictment in this case to negative the consent of the minor's parent, guardian, &c., or to aver that the gift of the liquor was not made on the prescription of a physician : these are matters of defense, the burden of proving which is upon the defendant.—*Atkins v. State*, 60 Ala. 45. But these unnecessary averments being in the indictment, it would, to say the least, be the safer course to prove them on another trial.— *Gilmore v. State, ante* p. 154. See, also, *McGehee v. State*, 52 Ala. 224.

Reversed and remanded.