# Harris *v.* The State.

*Indictment for Larceny of Part of an Outstanding Crop.*

1   *Indictment for larceny of part of outstanding crop; sufficiency of.* An indictment charging that accused feloniously took and carried away a part of an outstanding crop of corn. the property of W., sufficiently alleges the thing stolen. the ownership, and the larceny.

2.   *Charge ignoring reasonable doubt.*—A charge that if the jury believe the evidence they must find defendant guilty as charged is erroneous as failing to require belief beyond a reasonable doubt.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. JAMES T. JONES.

The indictment charges that the defendant "Frank Harris feloniously took and carried away a part of an outstanding crop of corn, to-wit, two ears of corn the property of Arthur Walker, against the peace, etc.

To this indictment the defendant filed a demurrer setting forth the following grounds :   First, said indictment fails to al-

9

[Carleton v. The State.]

lege that the part of the crop stolen was the property of Arthur Walker; second, it fails to show what part of an outstanding crop of corn was stolen; third, it fails to aver of what the part consisted, of the outstanding crop of corn, that was alleged to be stolen; fourth, it fails to aver that the two ears of corn alleged to have been stolen were a part of an outstanding crop of corn. The demurrer was overruled by the court.

At the request of the solicitor the court gave to the jury the following charge : "Gentlemen of the jury, if you believe the evidence in this case you must find the defendant guilty as charged in the indictment."

To the action of the court in giving this charge the defendant excepted.

C. H. ABRAHAMS, for the appellant.

WM. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.—The demurrer to the indictment in this case was manifestly bad, if not frivolous; and the court committed no error in overruling it.

The charge given at the instance of the State was in these words : "Gentlemen of the jury, if you believe the evidence in this case you must find the defendant guilty as charged in the indictment." This instruction was erroneous in that it authorized and required a conviction though the jury may not have believed the evidence *beyond a reasonable doubt. Pierson v. State*, 99 Ala. 148. *Heath v. State, Ib.* 179.

The judgment of the Circuit Court is reversed and the cause remanded.