(105 So. 397)

## SMITH v. STATE. (2 Div. 346.)

(Court of Appeals of Alabama. Aug. 4, 1925.)

1. **Criminal law** &#9740;218(2)—**Justice of the peace cannot make warrant returnable directly to circuit court.**

In the absence of express statutory authority, a justice of the peace cannot make a warrant returnable directly to the circuit court.

2. **Criminal law** &#9740;103—**Circuit court held without jurisdiction, where record did not show proceedings in justice court.**

In a prosecution for violation of the prohibition law, where record does not show what disposition of the case was made by the justice nor how it got into circuit court, held, the circuit court had no jurisdiction, since, in absence of express statutory authority, it has only jurisdiction to try criminal cases upon indictment by grand jury or on appeal from a lower court.

3. **Constitutional law** &#9740;251—**"Law of the land" and "due process of law" are synonymous.**

The phrase "due process of law," as used in the constitutional guaranty, is synonymous with "law of the land" (citing Words and Phrases "Due Process of Law").

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Law of the Land.]

4. **Criminal law** &#9740;1129(1)—**Appellate court will, without assignment of error, declare conviction void, where jurisdiction of trial court does not appear.**

Since Code 1923, § 3258, makes it incumbent upon appellate courts, without assignment of error, to "consider all questions apparent on the record," and to see that in all things the

proceedings as shown by the record are regular, where on appeal from conviction in liquor case there was nothing to show how case got to circuit court, judgment will be held void and dismissed.

Appeal from Circuit Court, Bibb County; Fleetwood Rice, Judge.

Pete Smith was convicted of violating the prohibition law, and he appeals. Appeal dismissed.

Frank Head, of Centreville, for appellant.

In view of the decision, it is not necessary that brief be here set out.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. This appellant was charged by warrant sworn out before S. J. Bolling, a justice of the peace, with the offense of violating the prohibition law; the affidavit being sworn to by one L. C. Sims. The warrant was made returnable to the justice of the peace. This affidavit and warrant, without more, constitutes the only process in this cause as shown by this record. There is nothing to show what disposition of the case, if any, was made by the justice of the peace, nor is there anything to show how the cause got into the circuit court.

[1, 2] While we know of no constitutional inhibition against the Legislature prescribing the court to which warrants issued by justices of the peace in misdemeanor cases shall be made returnable, and in which such cases are to be tried, certainly, in the absence of express statutory authority, a justice of the peace cannot issue a warrant returnable direct to the circuit court. Under our system they cannot be made returnable to the circuit court, to be there tried on the affidavit. This question has been expressly decided. Lee v. State, 143 Ala. 93, 39 So. 366; State v. Bush, 12 Ala. App. 309, 68 So. 492.

The circuit court, in the absence of express statutory authority, has only jurisdiction to try criminal cases upon indictment found by a grand jury, or upon appeal from a lower court after conviction.

[3] There is a constitutional provision that no person shall be deprived of life, liberty, or property except by due process of law; and it is the manifest purpose of this provision to accord to the citizen security against the arbitrary action of those in authority, and to place him under the protection of the "law of the land," which is synonymous with the expression "due process of law." 3 Words and Phrases, 2228.

[4] In order that it may be affirmatively ascertained that "due process of law" prevails in every criminal case, the statute makes it incumbent upon the appellate courts, without assignment of error, to "consider all questions apparent on the record," and to see that in all things the proceedings as shown by the record are regular. Code 1923, § 3258. As a result here we have found, and so hold, that the judgment of conviction in the circuit court from which this appeal was taken is coram non judice; that from the proceedings here shown the circuit court had no jurisdiction to try and determine this case, and the judgment rendered is therefore void. Being void, it will not support an appeal. This appeal is accordingly dismissed, and the defendant is discharged. Other questions need not be discussed.

Appeal dismissed.