(117 So. 157)

## KYSER v. STATE.   (3 Div. 582.)

Court of Appeals of Alabama.   March 27, 1928.

Rehearing Denied April 11, 1928.

E. T. Graham, of Montgomery, for appellant.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

BRICKEN, P. J.   ■ The fundamental law of this state is that no person shall be deprived of life, liberty, or property except by due process of law. Const. 1901, § 6. As stated in Smith v. State, 21 Ala. App. 70, 105 So. 397:

"It is the manifest purpose of this provision to accord to the citizen security against the arbitrary action of those in authority, and to place him under the protection of the 'law of the land,' which is synonymous with the expression 'due process of law.'"

There is but a single question involved in this case upon appeal. Stated concretely, did the circuit court of Montgomery county, under the process shown by the record, have jurisdiction to try this case? This point is clearly and properly raised, and, as stated, the decision thereof will be conclusive of this appeal.

It appears from the record that this appellant was arrested under a warrant issued by Walter B. Jones, judge of the Fifteenth judicial circuit, said warrant being made returnable before the judge of the Fifteenth judicial circuit. It was predicated upon an affidavit of S. E. Tranum, subscribed and sworn to before the said Walter B. Jones, judge of the Fifteenth judicial circuit, and upon this affidavit appellant was tried and convicted for the offense therein charged, that of violating the Prohibition Law of the state, by having in his possession prohibited liquors.

■ In the absence of express statutory authority, the circuit court does not acquire jurisdiction of the subject-matter in the manner here shown. That court has only jurisdiction to try criminal cases after indictment found, or upon appeal from a lower court after conviction.

■■ Jurisdiction of the offense and of the person must concur to authorize a court of competent jurisdiction to proceed to final judgment in a criminal prosecution. This to the end, a formal accusation sufficient to apprise the defendant of the nature and cause of the accusation is a prerequisite to jurisdiction of the offense. Irregularities in obtaining jurisdiction of the person may be waived, but a formal accusation by indictment, or authorized information, or complaint supported by oath, is essential to complete jurisdiction, and cannot be waived.

■ We know of no constitutional or other inhibition against the Legislature prescribing the court to which warrants issued by magistrates in misdemeanor cases shall be made returnable, and in which courts such cases may be tried, provided, of course, if the right of trial by jury be not denied; but under our system they cannot be made returnable to the circuit court to be there tried on the affidavit in the absence of express statutory authority. Under our present system, in the absence of such legislative authority, the circuit court has jurisdiction to try criminal cases only upon indictment found by a grand jury, or upon appeal from a lower court after conviction. Lee v. State, 143 Ala. 93, 39 So. 366; Clark v. State, 46 Ala. 307; Lewis v. State, 160 Ala.

121, 49 So. 753; Streanger v. State, 21 Ala. App. 600, 110 So. 595.

■ Section 4646 of the Code of 1923 deals only with procedure, and provides that a prosecution of this character when begun by affidavit may be tried upon said affidavit in whatever court or by whatever judge before whom the case may properly be brought for trial; the effect of said statute being to render unnecessary the filing of a complaint by the solicitor as provided by section 3843 of the Code of 1923. Section 4646, supra, does not change, or attempt to change, the rule above announced, as to the manner of trials of misdemeanors in the circuit court or other courts of the state. See section 3815 of the Code of 1923.

■ There being no statute authorizing the circuit judge of Montgomery county to pursue the course shown by the record in this case, we perforce must hold that the judgment of conviction in the circuit court, from which this appeal was taken, is coram non judice, that from the proceedings here shown the circuit court had no jurisdiction to try and determine this case, and the judgment rendered is therefore void. Being void, it will not support an appeal. This appeal is accordingly dismissed, and the defendant discharged so far as the judgment of conviction pronounced and entered in this case is concerned.

Appeal dismissed.