(118 So. 462)

## Ex parte FLOWERS.

## FLOWERS v. STATE.

### (6 Div. 190.)

Supreme Court of Alabama. Oct. 25, 1928.

C. C. Nesmith, of Birmingham, for appellant.

Charlie C. McCall, Atty. Gen., for appellee.

No brief reached the Reporter.

BROWN, J. The petitioner in this case was proceeded against criminally in the circuit court of Jefferson county for an indictable offense, an assault with a weapon, without the indictment of a grand jury. The prosecution was commenced by an affidavit made before H. B. Abernathy, judge of the Jefferson county court of misdemeanors, by one Hughes, and a warrant was issued thereon, returnable before "the judge of the Jefferson county circuit court," and the circuit court assumed jurisdiction thereon and proceeded to final trial before a petit jury, resulting in a verdict of guilty and a judgment thereon adjudging the defendant's guilt.

Thereafter the defendant applied to the Court of Appeals for a writ of error, asserting in his application therefor that the circuit court was without jurisdiction, and he was by such proceeding convicted without due process of law. The Court of Appeals, holding that this proceeding was authorized by section 8 of the act approved September 10, 1919, establishing the "Jefferson county court of misdemeanors" (Local Acts 1919, p. 121), denied the petitioner's application for writ of error, and he brings the case here by petition for writ of certiorari.

Section 8 of said act, in so far as here pertinent, after conferring certain powers on the judge of said court of misdemeanors, provides:

"And in addition said judge may take affidavits and issue warrants for misdemeanors directly returnable to any other court having final jurisdiction thereof, although this court also has final jurisdiction of said misdemeanor."

There is an absence of any provision in said section or in the act, authorizing the circuit court to proceed to final trial on such affidavit and warrant without the indictment of a grand jury, though the act does provide for appeals to the circuit court from judgments of convictions rendered by the inferior court.

The circuit court proceeded in the exercise of its original, as contradistinguished from an appellate, jurisdiction, and the sole question presented here is: Can this proceeding receive the stamp of approval as being due process of law, within the meaning of the Constitution, which guarantees the individual against the arbitrary acts of the state through legally constituted authority?

Const. 1901, §§ 6, 7, 8, 13; Spooney v. State, 217 Ala. 219, 115 So. 308. In Ex parte Rhodes (Rhodes v. McWilson) 202 Ala. 68, 79 So. 462, 1 A. L. R. 568, it was said:

"When the people of this state, through their representatives, met in convention to form this state government, they reserved to themselves and their descendants and successors certain rights, liberties, privileges, · and immunities, which they did not surrender or cede to the government to be created by the convention. They also exacted guaranties of the government so formed to protect each person in the state, and secure to him the enjoyment and exercise of these rights, liberties, privileges, and immunities, so reserved against encroachment or destruction thereof by other persons, whether majorities or minorities of the whole, or officers of any department of the government itself. Some, but not all, of these rights, liberties, privileges, and immunities, are enumerated in the Bill of Rights, which comprises the first 36 sections of our Constitution. That all this is true is obvious from a reading of the last two sections of the Bill of Rights, as follows:

" 'Sec. 35. That the sole object and only legitimate end of government is to protect the citizen in the enjoyment of life, liberty, and property, and when the government assumes other functions it is usurpation and oppression.

" 'Sec. 36. That this enumeration of certain rights shall not impair or deny others retained by the people; and, to guard against any encroachments on the rights herein retained, we declare that everything in this declaration of rights is excepted out of the general powers of government, and shall forever remain inviolate.' * * * "

Section 7 of the Bill of Rights declares:

"That no person shall be accused or arrested, or detained, except in cases ascertained by law, and ·according to the form which the same has prescribed," etc.

And section 8:

"That no person shall, for any indictable offense, be proceeded against criminally, by information, except in cases arising in the militia and volunteer forces when in actual service, or when assembled under arms as a military organization, or, by leave of the court, for misfeasance, misdemeanor, extortion, and oppression in office, otherwise than is provided in the Constitution: Provided, that in cases of misdemeanor, the legislature may by law dispense with a grand jury and authorize such prosecutions and proceedings before justices of the peace or such other inferior courts as may be by law established."

This is a clear limitation on the power of the Legislature to prescribe procedure, as well as on the power of the circuit courts to proceed. Noles v. State, 24 Ala. 672; Clark v. State, 46 Ala. 307. Yet, if we should concede, as contended and as held in Witt v. State, 130 Ala. 129, 30 So. 473, that the first clause of the proviso of section 8 of the Constitution, to wit, "Provided, that in cases of misdemeanor, the Legislature may by law dispense with a grand jury,"

confers "power to dispense with an indictment by a grand jury in general, and applies to circuit courts as well as to other courts" (130 Ala. 129, 30 So. 473), the answer here is that it has not exercised this power by section 8 of the act of 1919, or by any other act applicable to the petitioner's case. There is no provision in the local act authorizing or requiring the circuit court to proceed to final judgment on such complaint or affidavit. Kyser v. State (Ala. App.) 117 So. 157;[1] Ex parte Glen Kyser v. State, 217 Ala. 561, 117 So. 159.

However, I am of the opinion that it is too clear for argument that no such power is conferred on the Legislature in respect to proceeding in the circuit court. Said first clause, above quoted is conjoined with the provisions:

"And authorize such prosecutions * * * before justices of the peace or such other inferior courts as may be by law established."

This is a clear limitation on the power granted, limiting its application to proceedings before justices of the peace and such other inferior courts as may be created by the Legislature. If the Constitution makers had intended to confer power on the Legislature to dispense with an indictment by a grand jury applicable to all courts, including the circuit court, this last clause was wholly unnecessary and in fact foolish. If the Constitution makers had intended to confer power on the Legislature to dispense with a grand jury in all courts in the trial of misdemeanors, they would not have couched section 8 of the Constitution in .its present language, but would have provided in the first clause of the section that no person for any indictable felony shall be proceeded against criminally by information. Such provision would have been clear of meaning and not difficult of application; but this they did not do, yet such is the force and effect of the Constitution given to it in Witt v. State, supra, and destroys the first clause in the section.

The limitation in this section of the Bill of Rights, now section 8 of the Constitution, and the scope of the grant of power to the Legislature to dispense with indictments in misdemeanors, is concisely stated in Thomas v. State, 107 Ala. 62, 63, 17 So. 941, 942:

"Section 12 of the Bill of Rights of the Constitutions of 1819 and 1861, of this state, provided that 'no person shall, for any indictable offense, be proceeded against criminally, by information, except in cases arising in the land and naval forces, or the militia when in actual service, or by leave of the court for oppression or misdemeanor in office.'

"The Constitution of 1865 contains this same provision with the following added thereto: 'Provided, that in cases of petit larceny, assault,

[1] 22 Ala. App. 431.

assault and battery, affray, unlawful assemblies, vagrancy and other misdemeanors, the General Assembly may by law, dispense with a grand jury and authorize such prosecutions before justices of the peace, or such other inferior courts as may be by law established; and the proceedings in such cases may be regulated by law.' The Constitutions of 1868 and of 1875 contain the same provisions—in article 1, § 10, in the one, and 9, in the other—except that the words, 'and the proceedings in such cases may be regulated by law,' were omitted in the two latter, but this omission did not have the effect to abridge the power of the Legislature to regulate such proceedings.

"It will be observed that in the Constitutions of 1819 and 1861, all indictable offenses, without exception ('except in cases arising in the land and naval forces, or the militia when in actual service, or by leave of the court, for oppression or misdemeanor in office'), were required to be proceeded against by indictment of a grand jury, and not until after the adoption of the Constitution of 1865, containing the added proviso as to certain misdemeanors, that they might be proceeded against without indictment, was there ever in this state a prosecution for misdemeanors before justices of the peace and county courts, to finally try and dispose of them? Until the adoption of the Penal Code of 1866, we had no county courts. They were first established by section 482 of that Code. And, until its adoption, justices of the peace were confined in their criminal jurisdiction, to preliminary examinations with the view of binding criminals over to the circuit court, or discharging them if there was no probable cause for charging them with the offenses preferred against them. Sale v. State, 68 Ala. 530. But the Penal Code of 1866 contained that system of penal statutes, carried into our later Codes, and first authorized by the Constitution of 1865, by which the justices and county courts came into the exercise of jurisdiction to try and punish criminals for misdemeanors on complaints less formal than indictments. Under this constitutional provision, the Legislature found competency to bestow authority on those inferior courts to try such offenses, and to regulate the proceedings by which they were to be tried.

"Section 28 of article 6 of the Constitution of 1875, as did each of the other preceding Constitutions, contained the same provision, that 'the style of all process shall be "The State of Alabama," and all prosecutions shall be carried on in the name and by the authority of the same, and shall conclude, "Against the peace and dignity of the state." ' This provision, as first adopted, manifestly referred to all prosecutions of a criminal character, for which persons were to be tried and punished. All these, as we have seen, were to be commenced by indictment, 'except in cases arising in the land and naval forces, or the militia when in actual service, or by leave of the court for oppression or misdemeanor in office,' and the cases specified in this exception, were authorized to be proceeded against on information. Since the adoption of the Constitution of 1865, however as has been shown, the Legislature has had authority to dispense with presentments of grand juries in cases of petit larceny, assault, assault and battery, affray, unlawful assembly, vagrancy and other misdemeanors, and authorize their prosecution *before justices of the peace and other inferior courts such as they might establish.*" (Italics supplied.)

No one familiar with the constitutional and judicial history of the state can successfully assert that the circuit court is an inferior court created by the Legislature. It is a creature of the Constitution, which defines its jurisdiction and power, and is a court of general jurisdiction of the highest dignity, where the trial of the facts in criminal cases is final, and at the time of the adoption of the Constitution and throughout its previous history the verdicts of juries on the finding of the facts were not reviewable even on motion for new trial. One of the immunities guaranteed to the citizen, and intended to be secured by section 8 of the Bill of Rights, was that he should not be proceeded against on the mere allegation of an individual that he had probable cause for believing and did believe that the accused was guilty. To guarantee that he should only be proceeded against on the indictment of a grand jury sworn to "diligently inquire and true presentment make of all indictable offenses given them in charge, committed and triable within the county," presented on legal evidence, in which 12 of their number concurred, for such is an indictment at common law and under our statute. Noles v. State, supra; People v. Tinder & Smith, 19 Cal. 539, 81 Am. Dec. 77. It was intended to serve another purpose, to prevent the circuit court from being made the dumping ground for frivolous prosecutions instituted by individuals to harass others and vent their petty spleen against their neighbors. We have three cases, and only three, decided by this court, dealing with the question. Witt v. State, 130 Ala. 129, 30 So. 473; Larkin v. Simmons, 155 Ala. 273, 46 So. 451, and Gaines v. State, 215 Ala. 361, 110 So. 601. Witt v. State, as has been shown, holds that the first clause of the provision in section 8 confers power on the Legislature to dispense with indictments in all misdemeanors, and the exercise of this power may be applied to the circuit court, as well as to all other courts; while Larkin v. Simmons holds that the Legislature is granted no such power applicable to the circuit court, and that court can only proceed on the indictment of a grand jury. Gaines v. State holds that there is no conflict between Witt v. State and Larkin v. Simmons.

As to the last case, Gaines v. State, it must be said it clearly misconceived the effect of the other two, while Witt v. State misconceived and misapplied the limitation on the power granted to the Legislature to dispense with indictments, and is so clearly unsound that it should be overruled, and Larkin v. Simmons, supra, is clearly sound and should be followed.

260

It may be admitted that numerous persons have been proceeded against for misdemeanors in the circuit courts of the state without the indictment of a grand jury, and have suffered the penalty of law by reason of the decision in Witt v. State. And it may also be conceded that hundreds of cases are pending that must fall under a correct construction of the Constitution. Yet this is no reason why this court, to whose keeping the integrity of the Constitution has been in a large measure committed, should yield to arguments of expediency and continue in the path of error.

The writer is therefore of opinion that the proceeding under which the petitioner was tried and convicted is in violation of the due process clause of the Constitution, and the writ should be granted and the defendant discharged.

The other Justices, however, are of the opinion, on the authority of Ex parte Willis Collins, ante, p. 250, 118 So. 265, this day finally decided, that the circuit court acquired jurisdiction of the proceeding by the issuance and return of the warrant on the affidavit made before the judge of the Jefferson county court of misdemeanors, and the writ should be denied; and it is so ordered.

Writ denied.

ANDERSON, C. J., and SAYRE, GARDNER, THOMAS, BOULDIN, and FOSTER, JJ., concur.

BROWN, J., dissents.

