(119 So. 250)

## HUTCHINS v. STATE. (6 Div. 397.)

Court of Appeals of Alabama. Dec. 18, 1928.

Prosch & Prosch and J. W. Inzer, Jr., both of Birmingham, for appellant.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

SAMFORD, J. The prosecution in this case was begun by affidavit made before Hon. John P. McCoy, judge of the Tenth judicial circuit. Based upon this affidavit, the said judge issued his warrant of arrest returnable

to the circuit court of Jefferson county, on which process defendant was tried and a conviction had.

█ The orderly administration of justice and the preservation of life, liberty, and property require that courts shall acquire jurisdiction upon due process, and only when such proceeding has been followed has a defendant had preserved to him the guaranty of the Constitution so necessary to a preservation of liberty. Const. 1901, §§ 6, 8; Smith v. State, 21 Ala. App. 70, 105 So. 397.

Beginning with the case of Reese v. State, 16 Ala. App. 430, 78 So. 460, this court has consistently held that in misdemeanor cases the Legislature had the power to authorize final trial in the circuit court upon affidavit where a warrant had been issued thereon returnable to the circuit court, said warrant being issued by an officer duly authorized. In line with the above, we have held that where the Legislature had made such provision, and the affidavit and warrant had been regularly issued and executed, this constituted due process under the Constitution.

█ We have also consistently held that, where there was no statute conferring jurisdiction on the circuit court in such cases and on such process, the circuit court could not acquire jurisdiction to try the case in the manner here considered, and that when a circuit court undertook to exercise jurisdiction on such process, its judgment was coram non judice and void. Kyser v. State (Ala. App.) 117 So. 157 :[1] Ex parte Kyser, 217 Ala. 561, 117 So. 159; Flowers v. State (Ala. App.) 117 So. 159;[2] Ex parte Flowers (Ala. Sup.) 118 So. 462; Magwood v. State, ante, p. 482, 117 So. 159; Smith v. State, 21 Ala. App. 70, 105 So. 397.

In Ex parte Flowers (Ala. App.) 117 So. 159,[2] it was pointed out that an act of the Legislature (Local Acts 1919, p. 121) authorized such a procedure, when the warrant was issued by the judge of the inferior court named in the act, but so far as we know, and the Attorney General has filed no brief citing us to any, there is no statute, general or special, placing jurisdiction in the circuit court on affidavit and warrant taken and issued by any other magistrate save that named in the local act, supra, and Local Acts 1923, p. 43 et seq., which supersedes Local Acts 1915, p. 134, giving a similar power to the judge of the inferior court at Bessemer. Neither of these acts has the effect of giving jurisdiction to the circuit court on such process as we here consider.

---

[1] Ante, p. 431.  [2] Ante, p. 454.

█ We take occasion here to say that recent acts of the Legislature conferring jurisdiction on circuit courts by affidavit and warrant are an innovation never contemplated in earlier times, and has a tendency to minimize the dignity of the circuit court. The power will not be extended beyond the plain mandate of the respective statutes. As was pointed out in the very able opinion of Brown, J., in his dissent in Ex parte Flowers, supra, perhaps the courts have already been too liberal in construing statutes on this subject. Certain it is we should go no further.

█ The circuit court was without authority to try this defendant on the process presented. Its judgment of conviction is therefore of no effect. This court under its general powers of supervision over inferior courts considers the record for the purpose of entering such judgment as the circuit court should have entered. 3 Corpus Juris, 366 (123).

The judgment of the circuit court is held for naught, and the defendant is discharged.

Reversed and rendered.

