(123 So. 281)

TAYLOR v. STATE. (8 Div. 751.)

Court of Appeals of Alabama. June 29, 1929.

Travis Williams, of Russellville, and R. L. Nathan, of Sheffield, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. In all criminal cases appealed to this court, the duty rests upon us to consider all questions apparent on the record, or reserved by bill of exceptions, and to render such judgment as the law demands— this without assignment of error. Code 1923, § 3258.

Pursuant to the above requirement, we have examined, first, the record proper, and find that no process therein appears sufficient to give the circuit court jurisdiction to try and determine this case. This court is without authority, in this connection, to consider anything dehors the record; and, if this prosecution did originate in the county court, and defendant appealed from a judgment of conviction in that court to the circuit court, there is nothing in this record to so indicate. This record shows merely an unsworn "statement" filed by the solicitor in the circuit court. There is no other process in the record, and, so far as this court is concerned, we can only look to this as the origin of this prosecution. This is not "due process of law," and conferred no jurisdiction upon the circuit court to render the judgment from which this appeal was taken. The recent case of Kyser v. State, 22 Ala. App. 431, 117 So. 157 (certiorari denied 217 Ala. 561, 117 So. 159), is conclusive of this question and of this appeal. The action of the lower court in trying this case and rendering its judgment under the process shown is coram non judice, and said judgment is void. Being void, it will not support an appeal.

The appeal is accordingly dismissed.

Appeal dismissed.