178 So. 247

## SAYERS v. STATE.

### 3 Div. 796.

Court of Appeals of Alabama.

Jan. 11, 1938.

Ball & Ball, of Montgomery, and Thos. A. Hamilton, of Mobile, for appellant.

A. A. Carmichael, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

This prosecution was begun by an affidavit made before the justice of peace, charging the defendant with: "Speeding with truck at forty-eight M. P. H." On the trial before the justice of peace he was convicted, and from that judgment he appealed to the circuit court, where the solicitor filed his information, as provided by statute, charging that the defendant "unlawfully operated a vehicle, to-wit; a truck, upon a public highway of the County of Montgomery, recklessly." On the trial the testimony tended to prove that the defendant was driving a truck along the Montgomery and Mobile highway at a speed greater than thirty miles per hour. After the evidence was all in, the court, at the request of the solicitor, gave the following charge in writing, to wit: "The court charges the jury that if you believe the evidence in this case you should find the defendant guilty as charged." And refused to give, at the request of the defendant, the following charge: "If you believe the evidence in this case your verdict should be for the acquittal of the defendant."

The prosecution in this case was originally based upon section 8, of an act of the Legislature of 1932, Acts 1932, Ex. Sess., pp. 68, 69, which reads: "No person shall operate any motor vehicle used primarily for the transportation of property or any motor-truck or semi-trailer truck on any highway out side cities or incorporated towns at a greater speed than 30 miles per hour."

This act is independent of the act of the Legislature, approved August 23, 1927, as amended by Act of the Legislature, approved April 21, 1936. See Acts 1927, p. 348, § 48 et seq., Acts 1936, Ex.Sess., p. 234.

The two acts just above referred to are the general rules applicable to a general system adopted by the Legislature pertaining to public roads, highways, bridges, including therein the establishment of a State Highway Department, etc. This act, beginning with section 48, prescribes certain rules of the roads applicable to motor vehicles, generally. The Act of the Legislature of 1932, Ex.Sess., page 68, seeks to, and does, classify and segregate from motor vehicles, generally, motortrucks, semitrailer trucks, etc., in recognition of the fact, as therein expressed, that such motortrucks increased the cost of highway construction and maintenance, interfered with and limited the use of highways for the normal traffic thereon, and endangered the safety and lives of the traveling public, and that the regulations designated in said act are necessary to achieve economy in highway costs and to permit the highways to be used freely and safely by the traveling public.

■ To any one cognizant of the growth and development of freight traffic on the highways of this State, it is perfectly clear that the act, just above referred to, is not only reasonable, but such enactment has become absolutely necessary for the protection of the general traveling public.

We are not at all impressed with the argument made by counsel for appellant, that the rate of speed of thirty miles per hour fixed by the act is unreasonable. If argument were necessary, it might be pointed out that the speed so designated is as rapid as that permitted for freight trains on railroads carrying the commerce of the nation from one end of the country to the other. And, we might add, that the necessity of the law and the reasonable regulation of speed of freight trucks operated on the public highways is very obvious to those who have noted the tremendous increase in the freight traffic all over the State in trucks ranging in weight from one to ten tons, and in size the width of one-half the paved highways of the State.

We hold the Act of Legislature, Acts 1932, Ex.Sess., p. 68, to be in all things wise, reasonable, and within the power of the Legislature; and in no way in conflict with the two acts regulating general traffic of motor vehicles on the public highways hereinabove cited and alluded to.

There are other questions arising in this record rendering a reversal of the cause necessary.

■ The Act of the Legislature of 1932 is not a provision against reckless driving, but is a specific prohibition fixing a definite rate of speed at which a motortruck may be driven upon the public highways. A violation of section 8 renders the driver of such a truck liable to prosecution. Reckless driving may be at any speed, dependent upon the way and manner in which the motortruck is handled. There is no evidence in this case that the defendant was recklessly driving a motortruck along the public highways. On the contrary, it appears from the evidence that there was no recklessness incident to his driving the truck. And while there was evidence of a violation of section 8, he is not so charged in the solicitor's information which he was called upon to defend.

The defendant was entitled to the general affirmative charge as requested by him in writing.

■ Another reason for a reversal of this case is the giving of the charge as requested by the State on account of its form. Even where the giving of the affirmative charge for the State in a criminal case is permitted, it must be so worded as to eliminate all reasonable doubt. In other words, the charge as approved by this court, and by all of the decisions, is, if the jury "believe the evidence in the case beyond a reasonable doubt," etc.

The charge against the defendant was originally begun under one act and by the solicitor switched to another.

For the errors pointed out, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.