190 So. 308

### WILSON v. STATE.

### 8 Div. 607.

Court of Appeals of Alabama.

May 17, 1938.

Rehearing Denied June 7, 1938.

J. A. Lusk & Son, of Guntersville, and Street & Orr, of Albertville, for appellant.

A. A. Carmichael, Atty. Gen., and Thos. S. Lawson, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The conviction of appellant was for a violation of section 3412 of the Code 1923, which reads as follows: "Whoever, being president, cashier, teller, clerk, officer, or employe of any incorporated bank, or of any firm, corporation, person or association doing a banking business, shall, in any way, obtain as a borrower any of the funds of such bank, firm, corporation, person or association doing a banking business, without first executing his note or other evidence of debt therefor, bearing the written consent thereto of the board of directors of any such incorporated bank, or the manager or managers of any other such firm, corporation, person or association doing a banking business, indorsed on the note or other evidence of debt, must, on conviction, be punished as if he had embezzled the amount borrowed."

The evidence in the case shows without dispute that the Bank of Boaz was turned over to the State Banking Department for liquidation in October, 1934. The appellant, S. B. Wilson, was president of the institution "during the whole year of 1932." Among the effects of the defunct bank were four promissory notes dated September 15, 1932 (No. 5232), October 21, 1932 (No. 5225), October 22, 1932 (No. 5233), February 1, 1933 (No. 5509) for $500, $7,000, $4,500, $1,650, respectively, executed by appellant. The first three notes bore an endorsement "approved" by the loan com-

mittee of the bank, but the court ruled "approved by the loan committee" was no protection to appellant, and refused to admit it in evidence. The fourth note bore no endorsement.

It was, of course, incumbent upon the State to furnish the court and jury with evidence sufficiently strong to satisfy the jury beyond a reasonable doubt that before the finding of the indictment the appellant, as a borrower, obtained some of the funds of the bank of which he was president, during the time he was president and prior to the return of the indictment in this case.

We have carefully searched this record for testimony tending to show that this appellant obtained funds of the bank as a borrower, and we have been unable to locate it. The liquidating agent of the bank testified that he had a conversation with the appellant about the notes: "He said he owed the notes to cover losses of the old cotton mill. I do not recall anything else he said about them." He could have "owed" the notes without having borrowed any money from the bank.

Dr. Cooley, a witness for the State, one of the directors of the bank, testified that he had a conversation with appellant about the notes, and "he said there had been money lost and the bank had loaned some money, and in order to keep the bank moving he had charged it to himself and was going to pay it back out of his salary. He just said the bank had lost some money and in order to keep it from losing, he was going to pay it back out of his salary. I do not remember his saying anything about the cotton mill."

This is everything the record contains with reference to this appellant obtaining any funds of the bank as a borrower of that institution. The opinion here prevails that it is insufficient to support the charge that the defendant obtained funds of the bank as a borrower.

Presumably the books and records of the bank were in the possession of the State Banking Department. No book and no record was introduced tending to show that any funds of the bank were advanced to this appellant on the notes introduced in evidence. There is nothing to show that the bank loaned any money to this appellant. If the bank loaned some money on a transaction involving the cotton mill, not to the appellant, but to some one else, and the appellant felt legally or morally obligated to protect the bank against the loss and

gave his note for that purpose, he would not be guilty of a violation of the statute. The burden was on the State to furnish the jury evidence that satisfied it beyond a reasonable doubt that a loan was made by the bank to the appellant of funds of the bank while the appellant was president of the bank, and, further, under such circumstances as would bring the transaction within the terms of the statute. The State failed to do that, and for that reason the general affirmative charge, which was duly requested by the appellant, should have been given.

The rulings of the court were not in accord with what has been said, and for that reason the judgment of conviction from which this appeal was taken is reversed and the cause remanded.

Reversed and remanded.