34 So.2d 30

**BOLAN v. STATE.**

**8 Div. 608.**

Court of Appeals of Alabama.

Feb. 10, 1948.

Russell W. Lynne, of Decatur, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

CARR, Judge.

At the instance of the State the court below gave the following written instruction:

"The Court charges the jury that if you believe the evidence in this case you will return a verdict of guilty against the defendant under Count 2 of the indictment."

The jury responded to this charge.

Assuming, but not deciding, that the State was due a directed verdict, we must

386

hold that by giving the charges in the above form the court fell into error. The instruction is not predicated upon the belief of the evidence *beyond a reasonable doubt.*

In the early case of Jones v. State, 96 Ala. 56, 11 So. 192, the Supreme Court approved the action of the trial court in giving the general affirmative charge for the State. It appears from the report of the case that the charge was in form very similar to the one of instant concern. The opinion in the Jones case, supra, does not discuss the matter of the sufficiency vel non of the wording of the written instruction. It is reasonable to conclude that its apparent infirmity was overlooked. This is pointed out in the later case of Townsend v. State, 137 Ala. 91, 34 So. 382. The Jones case was not followed, but, on the contrary, was criticized.

See, also, Warren v. State, 197 Ala. 313, 72 So. 624; Wilson v. State, 28 Ala.App. 561, 190 So. 308.

The authorities leave no question of doubt that under the evidence in some cases the court may give the general affirmative charge at the request of the State. The propriety of this practice in any criminal case has been questioned by some judges of our appellate courts, particularly Chief Justice Brickell in Shields v. State, 104 Ala. 35, 16 So. 85, 53 Am.St. Rep. 17. Be this as it may, it is uniformly held that if such instruction is given the written charge must be predicated on the belief of the evidence beyond a reasonable doubt. Heath v. State, 99 Ala. 179, 13 So. 689; Harris v. State, 100 Ala. 129, 14 So. 538; Sayers v. State, 28 Ala.App. 45, 178 So. 247; Woodham v. State, 28 Ala.App. 62, 178 So. 464; McCleskey v. State, 28 Ala.App. 97, 179 So. 394; Holmes v. State, 29 Ala.App. 594, 199 So. 736.

There are other questions which are presented for our review. We pretermit a discussion of them. To do so may hazard the fairness of another trial, and, too, they may not reoccur in exact counterpart.

For error indicated the judgment of the court below is reversed and the cause remanded.

Reversed and demanded.