114 So.2d 912

John W. **BOZEMAN**

v.

**STATE.**

**7 Div. 593.**

Court of Appeals of Alabama.

June 30, 1959.

Rehearing Denied Aug. 18, 1959.

Kenneth R. Cain, Gadsden, for appellant.

MacDonald Gallion, Atty. Gen., for the State.

HARWOOD, Presiding Judge.

A complaint was issued against this appellant charging him with transporting prohibited alcoholic beverages in quantities of five gallons or more.

After his arrest on this complaint the appellant was released on bail.

Thereafter he was indicted, and upon the call of his case for trial the appellant entered a plea of guilty, was adjudged guilty and sentenced.

From that judgment appellant perfected an appeal to this court, the appeal coming to this court upon a record proper only.

On June 30, 1959 we affirmed said judgment without an opinion.

Appellant has now filed an application for rehearing, and in his brief in support of said application counsel for appellant urges three points as constituting error in the trial below.

Two of these points assert that the warrant of arrest issued pursuant to the complaint, and the writ of arrest issued pursuant to the indictment, were invalid and void.

Irregularities in obtaining jurisdiction of an accused charged with a criminal offense may be waived. Sherrod v. State, 14 Ala.App. 57, 71 So. 76; Kyser v. State, 22 Ala.App. 431, 117 So. 157. By his appearance and plea of guilty this appellant must be deemed to have waived any irregularities in the writs under which he was arrested.

The third point urged by counsel is that the indictment upon which the judgment is based is void in that it charges that the appellant "did transport in a quantity of *vive* gallons or more," etc.

The indictment as copied in this record does contain the word "vive" in front of gallons.

Counsel argues that the use of the word "vive" is more than a clerical error, and rendered the indictment meaningless.

In this connection the record shows that the original complaint was in regular form, and charged appellant with transportation of prohibited liquors in quantities of five gallons or more.

The judgment entered recites, among other things:

"In open Court on this the 11th., day of March, 1959, came the Circuit

Solicitor, who prosecutes for the State of Alabama, and also came the Defendant, John W. Bozeman in his own proper person, attended by counsel and the Defendant upon being duly arraigned was advised by the Court as to the nature and substance of the charge against him, also the Circuit solicitor read the Indictment to him, whereupon Defendant in person plead Guilty to the offense embraced in said Indictment."

In his judgment overruling the appellant's application for a new trial, the court set forth the following:

"With reference to wording of indictment, the Court is of the opinion that the original indictment reads 'five' instead of 'vive,' although the first letter of the word is blurred by both letters one over the other."

The court further expressed the opinion that the use of the word "vive" in place of "five" was a mere clerical error.

We pretermit consideration of whether the mistake was a clerical error, in view of the court's statement that in its opinion the original indictment contained the word "five" instead of "vive," although the first letter of the disputed word is blurred because apparently the "v" and "f" were written, one over the other.

In view of the fact that the original complaint correctly stated the quantity of liquor transported as five gallons or more; that the appellant, accompanied by counsel, was fully informed of the charge by the court before he entered his plea of guilty; and the further fact that the lower court was of the opinion that the disputed word was "five," instead of "vive" in the indictment, we conclude that appellant's application for rehearing should be overruled.

Application overruled.