282 So.2d 321

**James William PARKER**

v.

**STATE.**

**8 Div. 232.**

Court of Criminal Appeals of Alabama.

Aug. 28, 1973.

Beddow, Embry & Beddow, and James M. Fullan, Jr., Birmingham, for appellant.

William J. Baxley, Atty. Gen., and J. Knox Argo, Special Asst. Atty. Gen., Montgomery, for the State.

DeCARLO, Judge.

This appeal is from a judgment of the Lawrence County Circuit Court adjudging appellant guilty of grand larceny and sentencing him to six years imprisonment.

Consideration of the question presented on appeal does not require a review of the facts involved, therefore, we direct our attention to Charge 1, given at the instance of the State:

"For the State, Charge 1: 'I charge you, ladies and gentlemen of the jury, that if you believe the evidence in this case you cannot find the defendant not guilty.'"

This instruction to the jury is erroneous for at least three reasons. First, it is ambiguous. It places on the jury the burden of determining its meaning. We assume, as the jury undoubtedly did, that for all practical purposes, the instruction's meaning and effect was for the jury to find the defendant guilty. On the other hand it does not direct the jury to render a guilty verdict. It places the jurors in a quandary, and under this charge they could render no verdict, thus requiring the court to declare a mistrial.

Second, the charge is objectionable because its language is misleading, and at most, would necessitate an explanatory charge, expressing that a finding on the charge would be of defendant's guilt.

The charge is objectionable for yet a third reason. If we can interpret this to be the substantial equivalent of an affirmative charge for the State, if fails because the proper measure of proof in a criminal case is not set out. The measure of proof is "beyond a reasonable doubt," and in cases where the court is authorized under the evidence to direct a verdict for the State, the charge should be in writing,

and predicated upon a belief of the evidence *beyond a reasonable doubt.* Heath v. State, 99 Ala. 179, 13 So. 689; Harris v. State, 100 Ala. 129, 14 So. 538; Sayers v. State, 28 Ala.App. 45, 178 So. 247; Woodham v. State, 28 Ala.App. 62, 178 So. 464; Holmes v. State, 29 Ala.App. 594, 199 So. 736; Bolan v. State, 33 Ala.App. 385, 34 So.2d 30.

"Even where the giving of the affirmative charge for the State in a criminal case is permitted, it must be so worded as to eliminate all reasonable doubt. In other words, the charge as approved by this court, and by all of the decisions, is, if the jury 'believe the evidence in the case beyond a reasonable doubt,' etc." Sayers v. State, supra.

To do less would have the effect of changing the burden of proof on the State. In criminal cases, convictions may not be had unless the jury believe the evidence beyond a reasonable doubt. McCleskey v. State, 28 Ala.App. 97, 179 So. 394, Stinson v. State, 28 Ala.App. 559, 190 So. 303.

Although the court in the case at bar properly stated in its oral charge that the defendant was entitled to acquittal unless the testimony convinced the jury beyond a reasonable doubt that he was guilty, the granting of Charge 1 for the State was erroneous.

Even with the insertion of the words "beyond a reasonable doubt," this charge would remain defective.

The granting of Charge 1 constitutes reversible error, consequently, the other questions presented for our review will not be discussed.

The judgment of the court below is reversed and remanded.

Reversed and remanded.

All Judges concur.