WELCH, Judge
(concurring in the result).
In 1990, the appellant, John Henry Patton, pleaded guilty in the district court to two felonies pursuant to two informations allegedly filed by the district attorney. He appeals from the denial of two Rule 32, Ala. R.Crim. P., petitions, claiming that the district court abused its discretion when it denied his petitions because, he says, the district attorney’s office failed to prepare and present an information signed under oath by the district attorney in each case, as required by § 15-15-21, Ala.Code 1975,[3] and therefore, Patton contends, the district court did not have jurisdiction to convict and sentence him in either case.
The State responded and produced from its files unsigned copies of the informa-tions underlying each conviction. The State asserted that in each ease an information, signed by the district attorney, had been properly filed in the district court before the entry of Patton’s plea. The State also asserted that the original informations had been lost after the plea was entered.
In this case the majority determined that Patton’s claim that the absence of an information, signed under oath by the district attorney, was a nonjurisdictional claim pursuant to the rationale set forth in Ex parte Seymour, 946 So.2d 536 (Ala.2006). Thus, according to the majority, the claim was proeedurally barred. See Rule 32.2(c), Ala. R.Crim. P.
In so holding, the majority ruled that Seymour had implicitly overruled Ex parte Looney, 797 So.2d 427 (Ala.2001). Looney held that an information signed under oath by the district attorney was “essential’to confer on a trial court jurisdiction to accept a guilty plea.” Looney, 797 So.2d at 429.
I disagree with the majority’s conclusion that Looney has been overruled by Seymour.
Seymour held that an indictment that was defective because it failed to allege a culpable mental state did not deprive a trial court of subject-matter jurisdiction. It overruled cases that had held that a valid indictment is the source of a trial court’s subject-matter jurisdiction. Ash v. State, 843 So.2d 213 (Ala.2002), and Ex parte Lewis, 811 So.2d 485 (Ala.2001). Seymour did not address the question of whether a trial court has subject-matter jurisdiction over a case in which the indictment was void ab initio, e.g., an indictment not preferred as the result of 12 or more grand jurors — or as in the instant case, an information not signed under oath by the district attorney.
The Alabama Supreme Court in Seymour stated:
“In deciding whether Seymour’s claim properly challenges the trial court’s subject-matter jurisdiction, we ask only whether the trial court had the constitutional and statutory authority to try the *1252 offense with which Seymour was charged and as to which he has filed his petition for certiorari review.”
Seymour, 946 So.2d at 538.
The authority for a district court to proceed by information derives from the Alabama Constitution and the Alabama Code. Article I, § 8, of the Alabama Constitution of 1901, provided that an information could not be used to proceed against an individual for an indictable offense except in limited circumstances. This provision was amended by Amendment No. 37, which provided:
“No person shall for any indictable offense be proceeded against criminally by information, except in cases arising in the militia and volunteer forces when in actual service, or when assembled under arms as a military organization, or, by leave of the court, for misfeasance, misdemeanor, extortion and oppression in office, otherwise than is provided in the Constitution; provided, that in cases of misdemeanor, the legislature may by law dispense with a grand jury and authorize such prosecutions and proceedings before justices of the peace or such other inferior courts as may be by law established. Provided further that in all felony cases, except those punishable by capital punishment, the legislature may by law dispense with a grand jury and authorize such prosecutions and proceedings in such manner as may be provided by law if the defendant, after having the advice of counsel of his choice or in the event he is unable to employ counsel, the advice of counsel which must be appointed by the court, makes known in open court to a judge of a court having jurisdiction of the offense that he desires to plead guilty, provided, however, the defendant cannot plead guilty within fifteen days after his arrest.”
§ 8, Ala. Const.1901, as amended by Amendment No. 37.
Amendment 37 was implemented by the legislature in § 15-15-20.1, Ala.Code 1975.[4] That section prescribes procedures for using informations as follows:
“(a) In any criminal proceeding for a non-capital felony offense commenced by complaint, the defendant may give written notice three days after his or her arrest to a judge of the district or circuit court of the county having jurisdiction of the offense charged that the defendant desires to plead guilty as charged or as a youthful offender upon the granting of youthful offender status.
“(b) Upon receipt of the written notice from the defendant stating his or her desire to plead guilty, the court shall direct the district attorney to prefer and file an information against the defendant. The information shall be made under oath of the district attorney or a witness, and shall accuse the defendant with the same specificity as required in an indictment of the offense or offenses for which the defendant is charged. This section shall not be construed to preclude the district attorney from amending or dismissing a pending charge against a defendant before the defendant pleads guilty.
“(c) Upon the filing of an information, the court shall ascertain whether the defendant has retained counsel, and, shall appoint counsel if the defendant is indigent. The court shall set an arraignment date to enable the defendant to formally enter a plea of guilty in open court. Arraignment may be held and the guilty plea entered at any time after the filing of an information.
*1253 “(d) The court shall receive and enter the plea of guilty of the defendant, and shall immediately pronounce and enter a judgment of conviction, set a date for sentencing, and thereafter proceed as provided by law.
“(e) Upon acceptance from the defendant [of a] plea of guilty and pronouncement and entry of judgment and sentencing, the defendant shall have a right of appeal from the action of the court. “(f) In district court, a record of the defendant’s plea of guilty shall be kept by mechanical or electronic device. Any exhibits shall be preserved by the court. The record shall be preserved by the court and shall be transcribed by the designee if the defendant gives notice of appeal. The transcript of the defendant’s plea of guilty shall be certified as directed by the court or as required by the Alabama Rules of Appellate Procedure.
“(g) If the court does not accept plea of guilty of the defendant or if youthful offender status of the defendant’s application is denied, the court shall:
“(1) Order the defendant discharged.
“(2) Order the defendant released as provided by law.
“(3) Order the defendant held in custody pending action of the grand jury, or until released on bail.
“(h) This section supersedes Rule 2.2.(e) of the Alabama Rules of Criminal Procedure.
“(i) This section applies to all persons charged with non-capital felonies after its effective date.”
A district court derives its authority to take a guilty plea in a felony case in which an information is filed from the Alabama Constitution and the Alabama Code, if the information is filed in accordance with the Alabama Constitution and the Alabama Code. The district court does not have jurisdiction to accept a plea to a felony offense as to which the defendant has not been indicted, except by virtue of the provisions of those documents.
In Seymour, the Alabama Supreme Court cited Butler v. State, 130 Ala. 127, 30 So. 338 (1901). Butler concerned a conclusory affidavit that failed to set out any elements of larceny. It was held that the solicitor’s complaint failed to charge an offense because it was founded on a void complaint. The Alabama Supreme Court also cited Kyser v. State, 22 Ala.App. 431, 117 So. 157 (1928). In Kyser a circuit judge issued a warrant alleging a violation of the prohibition law and tried the case. The court there held that without an indictment or an appeal from a lower court conviction, the circuit court did not have subject-matter jurisdiction to try a criminal case. The Court in Seymour did not explicitly overrule Butler or Kyser.
Thus, I believe that Seymour stands for the proposition that a flaw in an otherwise properly returned indictment or information does not impugn the trial court’s jurisdiction. However, I do not believe that Seymour permits a trial court to pronounce judgment where an indictment or information has not, in essence, been properly considered, executed, and brought forward from the grand jury. Likewise, I do not believe that an information presents charges against a defendant until it is properly signed under oath by the district attorney.
Notwithstanding my opinion regarding Seymour, I agree with the majority’s conclusion that Patton is not entitled to relief from his convictions. Here, the trial court conducted an evidentiary hearing and explicitly found that the information signed by the district attorney, under oath, was present in each 1990 case to which Patton pleaded guilty. The trial court found that *1254 the informations had been lost following the entry of Patton’s plea. The trial court then correctly disposed of Patton’s Rule 32 petitions on the merits.
Though not addressed in the majority opinion, I note that Patton also argued in the district court and on appeal that he was denied the right of confrontation because the district court refused to require the district attorney to respond to a subpoena duces tecum that Patton had filed seeking to have the district attorney produce notary public logs related to his cases. The district court found affidavits from the district attorney regarding standard practices of the district attorney’s office and its handling of informations to be sufficient. Rule 32.9, Ala. R.Crim. P., allows the court broad discretion in taking evidence by deposition, by interrogatories, and by testimony, or by any combination of these. I do not believe that the district court abused its discretion by receiving the affidavit in lieu of notary public logs.
Therefore, unlike the majority, I would affirm the judgment of the district court denying Patton’s Rule 32 petitions because I believe that Patton’s claim is without merit.

. In 1996 §§ 15-15-20 through 15-15-22 were repealed and replaced by § 15-15-20.1, Ala.Code 1975. See Ex parte Hambrick, 774 So.2d 535 (Ala.2000). At the time Patton pleaded guilty, § 15-15-21 provided:
“When the desire of a defendant to plead guilty is made known to the court, it shall direct the district attorney of such court to prefer and file an information against such defendant, under the oath of such district attorney or some witness, which information shall accuse the defendant, with the same certainty as an indictment, of the criminal offense for which he is being held.”
Section 15-15-20.1, Ala.Code 1975, contains essentially the same requirements as former § 15-15-21, Ala.Code 1975.

. See note 3.