COBB, Judge,
dissenting.
In its unpublished memorandum, the majority affirms Carlos Parks’s conviction of felony murder, finding that the issue he raised on appeal was not preserved for appellate review. I disagree. The objection was preserved, the issue should have been addressed, and Parks’s conviction should have been reversed.
Parks and three other men drove to a house to rob the man who lived there. Two of the men forced the victim to the ground and robbed him; Parks remained inside the ear during the robbery. A gunfight erupted between the two robbers and a third person, Ramon Daniels, who fired at the robbers from inside the victim’s house. One of the robbers, Jermon Mack, was killed by shots fired by Daniels from inside the victim’s house. Parks was convicted of felony murder, § 13A. — 6—2(a)(3), Ala.Code 1975, as a result of Mack’s death.
On appeal, Parks argues that the State misapplied the felony-murder statute to his case. He contends that the statute does not apply when the murder victim is killed by a person other than one of the participants to the underlying felony. Parks argues that, because Mack was killed by gunshots fired by a person other than one of the participants in the robbery — Ramon Daniels — who apparently was protecting the victim, the felony-murder statute did not apply. The majority does not address Parks’s claim because it determined that the specific grounds of objection Parks made in his motion for a judgment of acquittal were different than the grounds raised on appeal.
In his motion for a judgment of acquittal, defense counsel argued at length that the indictment charged that Parks or another participant caused the death of Jer-mon Mack by shooting him during the course of a robbery, while the evidence presented at trial established that Ramon Daniels fired the shots that killed Mack. Daniels was not a participant in the robbery, counsel argued. He argued, additionally, that Parks could not have foreseen that Daniels would kill Mack. He concluded, “That’s extending felony murder too far.” Defense counsel’s motion for a judgment of acquittal was more than adequate to preserve the issue Parks presented on appeal. Therefore, the issue raised by Parks should have been addressed.
The statute provides that a person commits the crime of felony murder if
“(3) [h]e commits or attempts to commit [designated felonies] or any other felony clearly dangerous to human life and, in the course of and in furtherance of the crime that he is committing or attempting to commit, or in immediate flight therefrom, he, or another participant if there be any, causes the death of any person.”
§ 13A-6-2(a)(3), Ala.Code 1975 (emphasis added).
Alabama courts have often held that, when the language of a statute is plain our courts are bound to interpret that language so as to give it the meaning that was plainly expressed. See e.g., Ex parte Looney, 797 So.2d 427, 428 (Ala.2001). The language of the felony-murder statute is clear: the statute applies only when the victim is killed by the defendant or by another participant in the underlying felony, if there are other participants. Clearly, Ramon Daniels was not a participant in the robbery; therefore, Parks cannot be held accountable under the felony-murder statute for the killing of Jermon Mack as a result of shots fired by Daniels. . As defense counsel correctly argued at trial, this *330 is a case of first impression. However, the analysis necessary to resolve the issue is not difficult because the language of the felony-murder statute is clear.
Therefore, Parks’s argument in his motion for a judgment of acquittal had merit. Parks correctly argued that the felony-murder statute did not extend so far as to apply to the killing in this case. Because the evidence established that a person other than a participant in the robbery killed Mack, the trial court should have granted Parks’s motion for a judgment of acquittal.
Parks’s motion for a judgment of acquittal properly preserved this issue for appellate review. The trial court erred when it denied the motion. Therefore, the issue should have been addressed and Parks should have been granted relief. For the foregoing reasons, I dissent.