[Sherrod v. The State.]

# Sherrod *v.* The State.

### Abusive Language.

(Decided March 4th, 1916.   71 South. 76.)

1. **Courts; Jurisdiction; Concurrent.**—Where two courts have concurrent jurisdiction, that court which first takes cognizance of the cause may retain it to the exclusion of the other court, and no other court can interfere.

2. **Same; Elements.**—Jurisdiction of the offense and of the person must concur to authorize a court of competent jurisdiction to proceed to final judgment in a criminal prosecution.

3. **Indictment and Information; Jurisdiction; Prerequisite.**—A formal accusation sufficient to apprise defendant of the nature and cause of accusation against him is a prerequisite to jurisdiction of the offense, under § 6, Const. 1901,

4. **Same; Objection; Waiver.**—A formal accusation is essential to complete jurisdiction, and cannot be waived, although irregularities in obtaining jurisdiction of the person may be.

5. **Courts; Jurisdiction; Elements.**—Where complaint was lodged against accused and a warrant of arrest issued thereon, and the defendant was arrested and admitted to bail, and the warrant and accusation returned to the city court, its jurisdiction over the person and the offense was complete, under § 7350, Code 1907.

6. **Same; Priority; Burden of Proof.**—Where complete jurisdiction appears in the city court, if the defendant seeks to oust it, the burden is then on him to show the jurisdiction of the offense in another court prior to the attaching of jurisdiction of the city court.

7. **Same; Evidence.**—Where the pleas interposed by the defendant in the city court show that no formal complaint or charge was made in the recorder's court, and that he was not called to appear, nor to plead until after he had been arrested and admitted to bail in the city court, they fail to show jurisdiction in the recorder's court, and his remedy was to plead in the recorder's court the pendency of the prosecution in the city court.

8. **Same; Exercise of.**—The fact that city police officers are authorized to arrest offenders and commit them to jail without warrant, whether by statute or ordinance, does not, in the absence of a formal accusation, constitute an exercise of jurisdiction of the recorder's court over the offense prior to the appearance and pleading of the defendant, whether the offense be denounced by statute or by ordinance.

9. **Indictment and Information; Municipal Ordinance; Waiver of Defense.**—Where the offense is one denounced by a municipal ordinance, formal accusation cannot be said to be waived in the recorder's court until the accused pleads to the charge without demanding the nature and cause of the accusation.

10. **Arrest; Authority; Without Warrant.**—The charter authority of the city of Bessemer merely authorizes passage of an ordinance granting au-

thority to arrest without a warrant, but not authority to arrest without warrant.

11. **Evidence; Judicial Knowledge; Municipal Ordinances.**—In the absence of proper averment and proof, the courts will not take judicial knowledge of municipal ordinances.

12. **Courts; Jurisdiction; Priority.**—In the absence of proof of the filing of formal accusation in the recorder's court against a defendant, the fact that the defendant had been arrested by the city police and had given bond for his appearance before the recorder, prior to his arrest under process from the city court, does not deprive the city court of its jurisdiction.

13. **Appeal and Error; Harmless Error; Rule 45.**—The fact that a plea was erroneously disposed of on motion to strike, rather than on demurrer, is not sufficient, under Supreme Court Rule 45, to require a reversal, no substantial rights of the party complaining having been affected thereby.

14. **Abusive Language; Evidence.**—The evidence examined and held to require a submission to the jury of the guilt or innocence of the defendant, and therefore that the court properly denied the defendant the affirmative charge.

15. **Appeal and Error; Review; New Trial in Criminal Cases.**—Where the appeal was taken and bill of exceptions signed prior to the statute permitting appeals from ruling on motion for new trial in criminal cases, the appeal is governed by the pre-existing rule, and the motion for new trial and rulings thereon will not be reviewed.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON, Special Judge.

Ed Sherrod, alias, etc., was convicted of disorderly conduct, and he appeals. Affirmed.

MCENIRY & MCENIRY, for appellant. WILLIAM L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

BROWN, J.—This prosecution was commenced in the city court of Bessemer by complaint made before a justice of the peace on the 27th day of February, 1915, the justice issuing a warrant of arrest returnable to the city court. The defendant, as appears from the return of the officer indorsed on the warrant, was arrested on the 2d day of March, and gave bail for his appearance before the city court to answer the charge. By his pleas autrefois acquit, the defendant undertook to set up the judgment of the recorder's court of the city of Bessemer, a court of concurrent jurisdiction of misdemeanors committed within the police jurisdiction of the city.—Code 1907, § 1221. The de-

fendant's first plea avers: "On the 5th day of March, 1915, in the recorder's court of the city of Bessemer he was charged and put upon trial under complaint charging disorderly conduct, in that the defendant made use of insulting, abusive, or obscene language in the presence of a woman"—and was acquitted. The second avers that, "before the affidavit and warrant in this case were served on the dfendant, defendant had been arrested, placed in the city jail in the city of Bessemer on a charge of disorderly conduct, had been released on bond to answer the recorder's court of said city of Bessemer on said charge; that thereafter, on the 5th day of March, 1915, he was charged and put upon trial," etc., and acquitted; and in each of said pleas it is averred that the transaction involved in the two prosecutions is the same.

(1) The principle is universally acknowledged that where two courts have concurrent jurisdiction, that which first takes cognizance of the case has the right to retain it, to the exclusion of the other; and no other court can interfere and wrest from it the jurisdiction first obtained.

"These rules have their foundation, not merely in comity, but in necessity."—*Gay, Hardie & Co. v. Brierfield Coal Co.,* 94 Ala. 308, 11 South. 355, 16 L. R. A. 564, 33 Am. St. Rep. 122; *Granite Co. v. Wadsworth,* 115 Ala. 570, 22 South. 157; *Gustin v. State,* 10 Ala. App. 171, 65 South. 302 (affirmed on review by the Supreme Court, 191 Ala. 662, 66 South. 1008).

(2) Jurisdiction of the offense and of the person must concur to authorize a court of competent jurisdiction to proceed to final judgment in a criminal prosecution.—12 Cyc. 220 (VI, G); *Armstrong v. State,* 23 Ind. 95; *Ford v. State,* 18 Ind. 484; *Carrington v. Commonwealth,* 78 Ky. 83; *King v. People,* 5 Hun (N. Y.) 297.

(3) To this end, a formal accusation sufficient to apprise the defendant of the nature and cause of the accusation is a prerequisite to jurisdiction of the offense.—Const. 1901, § 6; *Butler v. State,* 130 Ala. 127, 30 South. 3S8; *Miles v. State,* 94 Ala. 106, 11 South. 403; 12 Cyc. 221 (VI, H).

(4) Irregularities in obtaining jurisdiction of the person may be waived, but a formal accusation by indictment, or information, or complaint supported by oath is essential to complete jurisdiction, and cannot be waived.—12 Cyc. 221; *Butler v. State, supra; Johnson v. State,* 82 Ala. 29, 2 South. 466.

(5) This prosecution was commenced on the 27th of February, 1915, when the complaint was made and the warrant of arrest issued, and the jurisdiction of the offense attached, empowering the court, through its process, to take the defendant into its custody and draw to itself jurisdiction over his person. The defendant was arrested and admitted to bail on March 2, 1915, and return of the warrant made into the city court; and its jurisdiction over the offense and the person was then complete.—Code 1907, § 7350; *Clayton v. State,* 122 Ala. 91, 26 South. 118; 12 Cyc. 220 (V, G).

(6) Complete jurisdiction of the city court thus appearing, the burden was on the defendant, who seeks to oust the city court of its jurisdiction, to show that the recorder's court acquired jurisdiction of the offense, as well as the person, authorizing it to proceed to final judgment, before the completed jurisdiction of the city court attached.

(7) Both of the defendant's pleas confessedly show that no formal complaint or charge was made in the recorder's court, and that the defendant was not brought before the court and called on to plead until the 5th of March, 1915, three days after the defendant had been arrested and admitted to bond on the process of the city court. Under these conditions, when he was called to the bar of the recorder's court, his remedy was to set up by appropriate pleas the pendency of the prosecution in the city court, showing that this court had acquired complete jurisdiction of the offense and person before the formal accusation was made in the recorder's court.—*Gustin v. State, supra.*

(8) The fact that the police officers of the city of Bessemer were authorized by statute or ordinance to arrest offenders without warrant and commit them to jail, if this authority be conceded, did not, in the absence of a formal accusation, quicken into exercise the jurisdiction of the recorder's court over the offense until the offender was brought to the bar of the court and called on to plead, and this is true whether the offense be one denounced by statute or ordinance.

(9) If the offense be one denounced by ordinance of the municipality, the formal accusation cannot be said to have been waived until the accused pleads to the charge without demanding the nature and cause of the accusation against him.—*Aderhold v. Mayor, etc., of Anniston,* 99 Ala. 521, 12 South. 472.

(10, 11) We observe, however, that the charter provision relied on as conferring authority to arrest without warrant does not confer such authority, but, at most, empowers the municipal legislative board to grant such authority by ordinance (*Childers v. State*, 156 Ala. 96, 47 South. 70) ; and the court will not take notice of the existence of such ordinances in the absence of appropriate averments or proof (*Glenn v. City of Prattville*, *infra*, 71 South. 75; *North Birmingham Street Ry. Co. v. Calderwood*, 89 Ala. 247, 7 South. 360, 18 Am. St. Rep. 105).

(12) While it is true that a demurrer to the plea was the proper way to present the question, yet it clearly appears from the pleas and the evidence proposed that all that the defendant proposed to show was that, while the prosecution in the city court was commenced first, he was arrested by the police authoities of the city on a charge of disorderly conduct before his arrest under the process of the city court and after he had given bond for his appearance before the recorder. This, for reasons above stated, was not sufficient to deprive the city court of jurisdiction.

(13) It is therefore not made to appear, after an examination of the entire record, that any substantial right of the defendant was probably injuriously affected, and the judgment of the trial court will not be reversed for disposing of the pleas on motion to strike, rather than on demurrer.—Rule 45, Supreme Court Practice (175 Ala. xxi, 61 South. ix) ; *Rooks v. State*, 83 Ala. 79, 3 South. 720.

For like reasons, no error is shown in the ruling of the court on the solicitor's objections to the evidence offered by the defendant pertaining to the defense of former jeopardy.

(14) The evidence shows that while the state's witness Miss Coleman, was using the telephone at her father's residence between 7 and 7:10 o'clock p. m. on February 26, 1915, some one interrupted her by breaking into the conversation and using the following obscene and abusive language: "Good God! Ain't you ever going to get through? G——d d——n it, you have been talking a half of an hour. Get off the line;" that she thereupon hung up the receiver and the phone immediately rang, and she took down her receiver to listen, when some one at the defendant's phone said, "This is Ed." The evidence further shows that the only two phones on this line are the Coleman phone and that of the defendant; that the residence of the defendant is in the

same locality as Coleman's residence—both being on Eighth avenue in the city of Bessemer; that defendant was a fireman in the employ of a railroad and it was customary for the caller at the railroad shop to call over the phone for him when his services were wanted; that defendant's services were wanted on this particular night, and some time before eight o'clock a call was made for him. The defendant denied using the language and offered testimony tending to show that·he was not at home at the time the obscene language was alleged to have been used. However, the evidence on the part of the state was sufficient to require an explanation from the defendant, and therefore afforded an inference to be drawn by the jury that he was the person using the language. The affirmative charge was therefore properly refused.—*Pantaze v. West,* 7 Ala. App. 599, 61 South. 42.

(15) The appeal in this case was taken, and the bill of exceptions signed, before the approval of the act amending section 2846 of the Code so as to authorize appeals from the ruling on motion for new trial in criminal cases, and this appeal is governed by the rule existing prior to the amendment of said section of the Code, and the ruling on the motion for new trial is not subject to review.—*Burrage v. State,* 113 Ala. 108, 21 South. 213.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.