Joe Looney, Jr., pleaded guilty to the unlawful distribution of a controlled substance (cocaine), in violation of § 13A-12-212, Ala. Code 1975, and was sentenced to 25 years' imprisonment. The Court of Criminal Appeals, by an unpublished memorandum of June 23, 2000, affirmed the conviction and the sentence. Looney v. State (No. CR-98-2461) ___ So.2d ___ (Ala.Crim.App. 2000) (table). We granted Looney's petition for certiorari review. We reverse and remand.
Looney raises several issues; however, we need to address only one, an issue he raises here for the first time: Whether the trial court had subject-matter jurisdiction to accept his guilty plea, given that the district attorney had not signed under oath the information purporting to charge the offense.
Section 15-15-20.1(b), Ala. Code 1975, provides that once a defendant charged with a noncapital felony offense, in a criminal proceeding commenced by complaint, informs the court that he intends to plead guilty, the district attorney will file an "information [which] shall be made under oath of the district attorney or a witness, and shall accuse the defendant with the same specificity as required in an indictment of the offense or offenses for which the defendant is charged." (Emphasis added.)
 "`Words used in [a] statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is clear and unambiguous, then there is no room for judicial construction and the clearly expressed intent of the Legislature must be given effect.'
 "Tuscaloosa County Comm'n v. Deputy Sheriffs' Ass'n of Tuscaloosa County, 589 So.2d 687, 689 (Ala. 1991) (citations omitted); see also Ex parte New England Mutual Life Ins. Co., 663 So.2d 952 (Ala. 1995), and State Dep't of Transportation v. McLelland, 639 So.2d 1370 (Ala. 1994). The word `shall' is clear and unambiguous and is imperative and mandatory. Tuscaloosa County Comm'n v. Deputy Sheriffs' Ass'n of Tuscaloosa County, supra; Taylor v. Cox, 710 So.2d 406 (Ala. 1998). . . . The word `shall' has been defined as follows:
 "`As used in statutes, contracts, or the like, this word is generally imperative or mandatory. In common or ordinary parlance, and in its ordinary signification, the term "shall" is a word of command, and one which has always [been given] or which must be given a compulsory meaning; as denoting obligation. The word in ordinary usage means "must" and is inconsistent with a concept of discretion.'
"Black's Law Dictionary 1375 (6th ed. [1990])." *Page 429 
Ex parte Prudential Ins. Co. of America, 721 So.2d 1135, 1138 (Ala. 1998).
In accordance with the caselaw cited above, we conclude that the word "shall," as it is used in § 15-15-20.1, Ala. Code 1975, demands that the information be made under oath. The information submitted to the trial court at Looney's plea hearing was signed by the district attorney. However, the record contains no evidence whatever to indicate that the information was given under oath. Therefore, because it does not comply with the mandatory requirements of the statute, the information is defective.
Citing Johnston v. City of Irondale, 671 So.2d 777 (Ala.Crim.App. 1995), the State argues that this defect was nonjurisdictional and that Looney therefore waived his right to object to it on appellate review, by not objecting to it at the trial level. A defendant can waive irregularities in a court's obtaining jurisdiction over him. Ross v.State, 529 So.2d 1074, 1078 (Ala.Crim.App. 1988) (quoting Sherrod v.State, 14 Ala. App. 57, 59-60, 71 So. 76, 78, rev'd on other grounds,197 Ala. 286, 72 So. 540 (1916)). However, "`a formal accusation by indictment, or information, or complaint,'" made in the manner prescribed by law and "`supported by oath'" is a prerequisite to the trial court's jurisdiction "`and cannot be waived.'" Id.; State v. Thomas,550 So.2d 1067, 1070 (Ala. 1989) (citing City of Dothan v. Holloway,501 So.2d 1136, 1146 (Ala. 1986) (Beatty, J., dissenting)).
We conclude that because a sworn information is essential to confer on a trial court jurisdiction to accept a guilty plea, the district attorney's failure to make the information under oath cannot be waived. Thus, Looney could raise this issue on appeal.
Because the information is defective, the trial court did not have jurisdiction to accept the plea. "In the absence of an indictment or information upon which this prosecution should have begun, the trial court was without jurisdiction to render judgment." Ross v. State, supra, 529 So.2d at 1078 (citing Woodham v. State, 28 Ala. App. 62,178 So. 464 (1938)). "Thus, the judgment was null and void and of no force and effect." Id.
Accordingly, the judgment of the Court of Criminal Appeals is reversed and the case is remanded.
REVERSED AND REMANDED.
Hooper, C.J., and Maddox, See, Lyons, Johnstone, and England, JJ., concur.
Brown, J., dissents.