On Remand from the Alabama Supreme Court
On January 13, 2003, Michael Cornell Bulger filed a Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he requested that he be resentenced pursuant to the May 25, 2000, amendment to the Habitual Felony Offender Act ("the HFOA"), made retroactive by § 13A-5-9.1, Ala. Code 1975. The circuit court summarily denied the petition, and this Court affirmed that denial in an unpublished memorandum issued on January 23, 2004. See Bulger v. State, (No. CR-03-0199) ___ So.2d ___ (Ala.Crim.App. 2004) (table). On August 27, 2004, the Alabama Supreme Court reversed this Court's judgment in light of its opinion in Kirby v. State, 899 So.2d 968 (Ala. 2004), and remanded this case to this Court for proceedings consistent withKirby. See Ex parte Bulger, 904 So.2d 219 (Ala. 2004).
In Kirby, the Alabama Supreme Court held that a motion filed pursuant to § 13A-5-9.1 ("a § 13A-5-9.1 motion") is the proper avenue for seeking reconsideration of a sentence under the 2000 amendment to the HFOA. The Court specifically stated that "[s]ection 13A-5-9.1 contemplates the availability of the circuit court to hear a motion seeking the implementation of that statute, and the Legislature has the power to vest the circuit courts with jurisdiction under these circumstances." Kirby,899 So.2d at 971. The Court further held that "[w]hile the information available to the court in the [Department of Corrections'] evaluation will be helpful in making its determination, we conclude that the administration of § 13A-5-9
requires that if the [Department of Corrections] does not provide the evaluation in a timely fashion, the State will have waived any input as to the inmate's conduct while incarcerated that the sentencing judge or the presiding judge might otherwise have considered in determining whether the inmate is a nonviolent offender." 899 So.2d at 974-75. The Court's holding in Kirby
implicitly overruled this Court's holding in Robinson v. State,837 So.2d 882 (Ala.Crim.App. 2002) (Shaw, J., concurring in the result), that Rule 32, Ala.R.Crim.P., is the proper avenue for seeking implementation of § 13A-5-9.1, and that the evaluation contemplated by § 13A-5-9.1 is a prerequisite to reconsideration of a sentence.
In this case, Bulger's petition was styled as a Rule 32 petition; however, in substance, his petition requests reconsideration of his sentence pursuant to § 13A-5-9.1.
 "[T]he mere mislabeling of a motion is not fatal. King Mines Resort, Inc. v. Malachi Mining Minerals, Inc., 518 So.2d 714, 718 (Ala. 1987). This Court has stated that it is `committed to the proposition that it will treat a motion (or *Page 221 
other pleading) and its assigned grounds according to its substance.' King Mines Resort, 518 So.2d at 718; see also Lockhart v. Phenix City Inv. Co., 488 So.2d 1353 (Ala. 1986), and Sexton v. Prisock, 495 So.2d 581 (Ala. 1986). Further, the Court has held that `[t]he substance of a motion and not its style determines what kind of motion it is.' Evans v. Waddell, 689 So.2d 23, 26 (Ala. 1997)."
Ex parte Deramus, 882 So.2d 875, 876 (Ala. 2002). Thus, we treat Bulger's petition according to its substance, not its style; we treat it as a § 13A-5-9.1 motion.
Section 13A-5-9.1 specifically provides for the reconsideration of a sentence "by the sentencing judge or presiding judge." As the Supreme Court held in Kirby, "[s]ection 13A-5-9.1 is an act of statewide application that confers jurisdiction upon the sentencing judge or the presiding judge to apply the 2000 amendment to the HFOA retroactively." 899 So.2d at 972. Although normally a trial court loses jurisdiction to modify a sentence more than 30 days after sentencing, by enacting § 13A-5-9.1, "the Legislature vested jurisdiction in the sentencing judge or thepresiding judge to reopen a case more than 30 days after a defendant has been sentenced." Kirby, 899 So.2d at 971
(emphasis added). Thus, a § 13A-5-9.1 motion must be filed in the court of original conviction, and only the sentencing judge or the presiding judge of that circuit has jurisdiction to review the motion.
In this case, Bulger filed his motion in the county of his conviction, Montgomery County. However, the judge who ruled on the motion, Judge Truman M. Hobbs, was not the judge who sentenced Bulger nor is he the presiding judge of the circuit. Therefore, pursuant to § 13A-5-9.1, Judge Hobbs had no jurisdiction to rule on Bulger's § 13A-5-9.1 motion. We certainly do not fault Judge Hobbs for issuing a ruling in a case assigned to him, instead of transferring the case to the appropriate judge, as he did not have the benefit of the Alabama Supreme Court's decision in Kirby at the time he did so. Nevertheless, a § 13A-5-9.1 motion can be considered only by the appropriate judge. In this case, the judge who sentenced Bulger, Joseph D. Phelps, is deceased; thus, Bulger's motion must be considered by the presiding judge.
Because a void judgment will not support an appeal, this appeal is due to be, and is hereby, dismissed. See, e.g., Madden v.State, 885 So.2d 841 (Ala.Crim.App. 2003). However, Bulger's motion still stands as filed in the Montgomery Circuit Court awaiting disposition. Therefore, we direct the Montgomery Circuit Court to treat Bulger's petition as a § 13A-5-9.1 motion and for the presiding judge to consider and rule on the motion. If Bulger wishes to appeal the ruling by the presiding judge, he must file a separate notice of appeal from that ruling.
APPEAL DISMISSED.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.