McMILLAN, Judge.
The appellant, John Henry Patton, appeals the district court’s denial of his Rule 32, Ala.R.Crim.P., petitions for postconviction relief, in which he attacked his February 23, 1990, guilty-plea conviction for first-degree receiving stolen property and his resulting sentence of two years’ imprisonment, and his August 27, 1990, guilty-plea conviction for unlawful possession of a controlled substance and his resulting sentence of one year and one day in prison. Patton stated in his petitions that he did not appeal his convictions and sentences.
Patton filed his Rule 32 petitions on November 30, 2004. In his petitions, Patton alleged that the district court was without jurisdiction to accept his guilty *1248 pleas and to impose the sentences because, he claimed, there is no indication in the record that the informations against him were given under oath. After receiving a response from the State, the district court conducted evidentiary hearings on February 17, 2005, and June 25, 2005. The district court issued separate orders denying the petitions on August 28, 2006.
On appeal, Patton argues: (1) that he raised a jurisdictional claim that was not subject to the procedural bars in Rule 32.2; and (2) that he was denied the opportunity to establish his entitlement to relief when the district court refused to enforce Patton’s subpoena of Jefferson County District Attorney David Barber, who submitted an affidavit to the district court. Because we answer the first question adversely to Patton, the second claim is moot because the lone claim in the petitions was procedurally barred.[1]
Patton argued that although he allegedly entered his guilty pleas to informations filed by the district attorney, the trial court record did not contain properly signed or notarized informations in either case. Patton correctly avers that jurisdictional claims are not subject to the limitations period in Rule 32.2(c), the prohibition against successive petitions in Rule 32.2(b), or the grounds of preclusion in Rule 32.2(a). See, e.g., Edmond v. State, 954 So.2d 608 (Ala.Crim.App.2006); and Grady v. State, 831 So.2d 646, 648 (Ala.Crim.App. 2001). Patton also cites the following excerpt from Ross v. State, 529 So.2d 1074 (Ala.Crim.App.1988):
“Because Ross’s plea of guilt does not rest upon an indictment or information, Ross’s conviction and sentence are void.
“ ‘It is well settled, at common law and from the earliést colonial days in this country, that a prosecution for a crime must be preceded by a formal accusation. Thus, a legally effective criminal prosecution requires that a formal charge be openly made against the accused by an indictment or presentment of a grand jury, or by an information of a prosecuting attorney.’
“2 Wharton’s Criminal Procedure § 225 (C.Torcia 12th ed.1974).
“ ‘Jurisdiction of the offense and of the person must concur to authorize a court of competent jurisdiction to proceed to final judgment in a criminal prosecution. [Citations omitted.]
“ ‘To this end, a formal accusation sufficient to apprise the defendant of the nature and cause of the accusation is a prerequisite to jurisdiction of the offense. Const.1901, § 6; Butler v. State, 130 Ala. 127, 30 South. 338 [ (1901) ]; Miles v. State, 94 Ala. 106, 11 South. 403 [ (1892) ]; 12 Cyc. 221 (VI, H).
“ ‘Irregularities in obtaining jurisdiction of the person may be waived, but a formal accusation by indictment, *1249 or information, or complaint supported by oath is essential to complete jurisdiction, and cannot be waived. 12 Cyc. 221; Butler v. State, supra; Johnson v. State, 82 Ala. 29, 2 South. 466 [ (1887) ].’
“Sherrod v. State, 14 Ala.App. 57, 59-60, 71 So. 76, 78, rev’d on other ground, 197 Ala. 286, 72 So. 540 (1916).”
Ross v. State, 529 So.2d at 1077-78. We note further that the Alabama Supreme Court has held that “because a sworn information is essential to confer on a trial court jurisdiction to accept a guilty plea, the district attorney’s failure to make the information under oath cannot be waived.” Ex parte Looney, 797 So.2d 427, 429 (Ala.2001). Were Ex parte Looney or Ross the latest statement of the law regarding jurisdiction, Patton’s contention that he has raised a jurisdictional claim that entitles him to relief may have been meritorious. However, neither Ex parte Looney nor Ross are the latest statement of the law.
The Alabama Supreme Court recently held that “a trial court derives its jurisdiction from the Alabama Constitution and the Alabama Code.” Ex parte Seymour, 946 So.2d 536, 538 (Ala.2006). The Alabama Supreme Court continued:
“Jurisdiction is ‘[a] court’s power to decide a case or issue a decree.’ Black’s Law Dictionary 867 (8th ed.2004). Subject-matter jurisdiction concerns a court’s power to decide certain types of cases. Woolf v. McGaugh, 175 Ala. 299, 303, 57 So. 754, 755 (1911) (‘ “By jurisdiction over the subject-matter is meant the nature of the cause of action and of the relief sought.” ’ (quoting Cooper v. Reynolds, 77 U.S. (10 Wall.) 308, 316 (1870))). That power is derived from the Alabama Constitution and the Alabama Code. See United States v. Cotton, 535 U.S. 625, 630-31 (2002) (subject-matter jurisdiction refers to a court’s ‘statutory or constitutional power’ to adjudicate a case). In deciding whether Seymour’s claim properly challenges the trial court’s subject-matter jurisdiction, we ask only whether the trial court had the constitutional and statutory authority to try the offense with which Seymour was charged and as to which he has filed his petition for certiorari review.
“Under the Alabama Constitution, a circuit court ‘shall exercise general jurisdiction in all cases except as may be otherwise provided by law.’ Amend. No. 328, § 6.04(b), Ala. Const.1901. The Alabama Code provides that ‘[t]he circuit court shall have exclusive original jurisdiction of all felony prosecutions ....’ § 12-11-30, Ala.Code 1975. The offense of shooting into an occupied dwelling is a Class B felony. § 13A-11-61(b), Ala.Code 1975. As a result, the State’s prosecution of Seymour for that offense was within the circuit court’s subject-matter jurisdiction, and a defect in the indictment could not divest the circuit court of its power to hear the case.
“The United States Supreme Court has long held that ‘defects in an indictment do not deprive a court of its power to adjudicate a case.’ Cotton, 535 U.S. at 630. As Justice Holmes stated in Lamar v. United States, 240 U.S. 60, 64 (1916), ‘[t]he objection that the indictment does not charge a crime ... goes only to the merits of the case.’
“A number of states agree. See Sawyer v. State, 327 Ark. 421, 938 S.W.2d 843 (1997); Howell v. State, 421 A.2d 892, 895 (Del.1980); Ford v. State, 330 Md. 682, 625 A.2d 984 (1993); Roth v. State, 714 P.2d 216 (Okla.Crim.App.1986); State v. Gentry, 363 S.C. 93, 610 S.E.2d 494 (2005); Studer v. State, 799 S.W.2d 263 (Tex.Crim.App.1990); but *1250 see State v. Byington, 135 Idaho 621, 21 P.3d 943 (2001). The Supreme Court of Missouri, addressing this precise issue, framed the issue succinctly: ‘Subject matter jurisdiction of the circuit court and the sufficiency of the information or indictment are two distinct concepts. The blending of these concepts serves only to confuse the issue to be determined.’ State v. Parkhurst, 845 S.W.2d 31, 34-35 (Mo.1992). We find this approach persuasive and consistent with both the Alabama Constitution and the Alabama Code.
“The validity of Seymour’s indictment is irrelevant to whether the circuit court had jurisdiction over the subject matter of this case. A defect in an indictment may be error, see Rule 15.2(d), Ala. R.Crim.P. — or even constitutional error, see Ala. Const., Art. I, § 8 — but the defect does not divest the circuit court of the power to try the case. A defendant who challenges a defective indictment is thus subject to the same preclusive bars as one who challenges any other nonju-risdictional error, such as an illegal seizure or a violation of the Confrontation Clause.”
Ex parte Seymour, 946 So.2d at 538-39.
Just as a circuit court, which was the trial court in Seymour, derives its jurisdiction from the Alabama Constitution and the Alabama Code, so too do the district courts in Alabama’s court system. Under the Alabama Constitution, the district court is a “court of limited jurisdiction,” Amend. No. 328, § 6.01, Ala. Const. 1901 (Art. IV, § 143 (Official Recomp.)), and “shall exercise uniform original jurisdiction in such cases, and within such geographical boundaries, as shall be prescribed by law....” Amend. No. 328, § 6.05, Ala. Const.1901 (Art. IV, § 143 (Official Recomp.)). Thus, as this Court has previously noted, except in cases involving certain municipal ordinance infractions as is discussed more fully in Amend. No. 328, § 6.05, Ala. Const.1901, “the district court has original jurisdiction only in such cases as the legislature provides.” Henderson v. State, 616 So.2d 406, 408 (Ala.Crim.App.1993) (emphasis omitted). The Alabama Legislature has so acted; the Alabama Code provides that “[t]he district court may exercise original jurisdiction concurrent with the circuit court to receive pleas of guilty in prosecutions of offenses defined by law as felonies not punishable by sentence of death.” § 12 — 12—32(b)(1), Ala. Code 1975. Receiving stolen property in the first degree is a Class B felony, see § 13A-8-17(b), Ala.Code 1975; the offense of unlawful possession of a controlled substance is a Class C felony, see § 13A-12-212(b), Ala.Code 1975. Thus, based on the rationale expressed in Ex parte Seymour, we conclude that the district court had subject-matter jurisdiction to accept Patton’s guilty pleas to those offenses, and any defects in the informations could not divest the district court of its power to accept the pleas. Therefore, Patton’s claim, although couched in jurisdictional terms, is not truly jurisdictional, and Patton is not entitled to any relief because his petition was filed well beyond the limitations period in Rule 32.2(c), Ala.R.Crim.P.[2]
Based on the foregoing, the judgment of the district court is affirmed.
AFFIRMED.
*1251 BASCHAB, P.J., and SHAW and WISE, JJ., concur; WELCH, J., concurs in the result, with opinion.

. At the first hearing, the district court heard argument from the parties, and set the second hearing to allow the parties time to obtain additional evidence on the matter. Patton’s argument was generally that the trial court record and the district attorney’s file did not contain a properly signed information in either case. The State argued generally that the signed copy would have been sent to the court, and that had an information not been prepared, the file would reflect grand jury proceedings; the State further noted that the case action summary in both cases contained a notation by the trial court indicating that Patton was pleading guilty to the respective offenses as charged in the information filed by the district attorney. Although we do not address the merits of Patton’s claims, we note that the evidence presented in this case closely mirrors the evidence elicited and found to be sufficient to support the district court’s determination that an information had been properly filed in Coleman v. State, 843 So.2d 237 (Ala.Crim.App.2001).

. The limitations period in Rule 32.2(c) is "mandatory and jurisdictional,” Arthur v. State, 820 So.2d 886, 889 (Ala.Crim.App.2001), and "[a]n Alabama court has no authority to excuse a procedurally defaulted claim.” Davis v. State, [Ms. CR-03-2086, August 25, 2006]-So.2d-,-(Ala.Crim.App.2006) (opinion on application for rehearing).