992 So.2d 1248 (2007)
Ex parte James Oscar JENKINS, Sr.
(In re James Oscar Jenkins, Sr.
v.
State of Alabama).
1051778.
Supreme Court of Alabama.
March 16, 2007.
James Oscar Jenkins, Sr., pro se.
Troy King, atty. gen., and Kevin C. Newsom, deputy atty. gen., and J. Thomas Leverette, asst. atty. gen., for respondent.
LYONS, Justice.
James Oscar Jenkins, Sr., appeals from the Court of Criminal Appeals' affirmance of the trial court's denial of his motion for sentence reconsideration under § 13A-5-9, Ala.Code 1975, the Habitual Felony Offender Act (the "HFOA"), as amended by § 13A-5-9.1, Ala.Code 1975. We reverse and remand.
On March 12, 1996, Jenkins was convicted in the Mobile Circuit Court of robbery in the first degree, a Class A felony. Jenkins had three prior felony convictions, none of which was a Class A felony. Judge R.E.L. Key sentenced Jenkins, as a habitual felony offender under § 13A-5-9, to life imprisonment without the possibility of parole. On September 14, 2004, Jenkins filed a motion for sentence reconsideration *1249 under § 13A-5-9.1, pursuant to Kirby v. State, 899 So.2d 968 (Ala.2004). Judge James C. Wood, a circuit judge for the Mobile Circuit Court who was not the presiding judge of that circuit, heard Jenkins's Kirby motion, which he denied. On April 10, 2006, Jenkins filed a second Kirby motion, which was denied by the presiding judge of the Mobile Circuit, Charles A. Graddick.
Jenkins appealed the denial of the April 10, 2006, Kirby motion, and the Court of Criminal Appeals affirmed the denial with an unpublished memorandum on the ground that Jenkins's Kirby motion was not the first motion for sentence reconsideration that Jenkins had filed. Jenkins v. State (No. CR-05-1577, August 11, 2006), 988 So.2d 1084 (Ala.Crim.App.2006) (table). Jenkins then filed an application for rehearing in the Court of Criminal Appeals, arguing that the prohibition against successive motions for sentence reconsideration did not apply to preclude his April 10, 2006, motion because the judge who ruled on Jenkins's first Kirby motion was not the sentencing judge or the presiding judge of the circuit, so his ruling was void and the first Kirby motion was therefore never ruled on. The Court of Criminal Appeals denied his application for rehearing, and Jenkins filed a petition for a writ of certiorari in this Court seeking review of the Court of Criminal Appeals' decision.
Jenkins alleges that the decision of the Court of Criminal Appeals conflicts with Bulger v. State, 904 So.2d 219 (Ala.Crim. App.2005). In Bulger, the Court of Criminal Appeals, relying on Kirby, held that the rule it announced in Wells v. State, 941 So.2d 1008, 1009 (Ala.Crim.App.2005), prohibiting successive motions for sentence reconsideration, does not apply when the first motion for reconsideration was denied by a judge who was neither the sentencing judge nor the presiding judge. We have not yet been presented with the occasion to address the rule prohibiting successive motions for sentence reconsideration that the Court of Criminal Appeals recognized in Wells, and we need not do so here if we determine that the trial court lacked jurisdiction to dispose of Jenkins's first motion for reconsideration of his sentence.
In Bulger, the Court of Criminal Appeals stated:
"Section 13A-5-9.1 specifically provides for the reconsideration of a sentence 'by the sentencing judge or the presiding judge.' As the Supreme Court held in Kirby, `[s]ection 13A-5-9.1 is an act of statewide application that confers jurisdiction upon the sentencing judge or the presiding judge to apply the 2000 amendment to the HFOA retroactively.' 899 So.2d at 972. Although normally a trial judge loses jurisdiction to modify a sentence more than 30 days after sentencing, by enacting § 13A-5-9.1, `the Legislature vested jurisdiction in the sentencing judge or the presiding judge to reopen a case more than 30 days after a defendant has been sentenced.' Kirby, 899 So.2d at 971 (emphasis added). Thus, a § 13A-5-9.1 motion must be filed in the court of original conviction, and only the sentencing judge or the presiding judge of that circuit has jurisdiction to review the motion."
Bulger, 904 So.2d at 221. Based on this rationale, the Court of Criminal Appeals concluded that the denial of a motion for sentence reconsideration by a judge other than the sentencing judge or the presiding judge of the circuit is a "void judgment."
Jenkins filed his first motion for sentence reconsideration in the court of original conviction, the Mobile Circuit Court. As was the case in Bulger, the judge who ruled on Jenkins's first motion for sentence reconsideration was not the *1250 judge who sentenced Jenkins. Although the record is silent as to whether Judge Wood was the presiding judge of the Mobile Circuit Court at the time he denied Jenkins's motion for sentence reconsideration, the State does not contest Jenkins's claims that Judge Wood was not the presiding judge. Because § 13A-5-9.1 confers on a court continuing jurisdiction over a motion for sentence reconsideration, to be exercised by only the sentencing judge or the presiding judge, Judge Wood, who was neither, did not have jurisdiction over Jenkins's first motion for sentence reconsideration. Accordingly, the judgment purporting to deny that motion is a void judgment.
The State argues that the Court of Criminal Appeals' decision in Bulger is flawed insofar as it holds that a ruling on a motion for sentence reconsideration by a judge who is not the sentencing judge or the presiding judge of the circuit is void. The State argues that under this Court's holding in Ex parte Seymour, 946 So.2d 536 (Ala.2006), such a ruling should be treated as voidable. In Seymour, we overruled a line of Alabama cases that recognized an indictment as the circuit court's source of jurisdiction in a criminal case, holding that "a defect in the indictment could not divest the circuit court of its power to hear the case." Seymour, 946 So.2d at 538. Under our holding in Seymour, a defect in a criminal indictment no longer deprives the trial court of jurisdiction, as it had under the common law, but instead is a nonjurisdictional error that may be waived. The State argues that, because Jenkins failed to raise the improper denial of his first motion for sentence reconsideration in the trial court or on appeal, the error is waivable under Seymour, and the judgment denying his first Kirby motion is not void, but voidable.
However, Seymour dealt with an area of the law rendered jurisdictional through a series of judicial decisions based in the common law. In the present case, jurisdiction over a motion for sentence reconsideration is conferred by the legislature in § 13A-5-9.1, as this Court recognized in Kirby and as the Court of Criminal Appeals held in Bulger. In Seymour, we stated:
"Jurisdiction is `[a] court's power to decide a case or issue a decree.' Black's Law Dictionary 867 (8th ed. 2004).... That power is derived from the Alabama Constitution and the Alabama Code. See United States v. Cotton, 535 U.S. 625, 630-31 (2002) (subject-matter jurisdiction refers to a court's `statutory or constitutional power' to adjudicate a case)."
946 So.2d at 538. Indeed, the Alabama Constitution states that a circuit court "shall exercise general jurisdiction in all cases except as may otherwise be provided by law." Amend. No. 328, § 6.04(b), Ala. Const.1901 (§ 142, Official Recomp.).
By enacting § 13A-5-9.1, the legislature conferred on the trial court continuing jurisdiction over motions for sentence reconsideration, to be exercised by only the sentencing judge or the presiding judge. As the State acknowledges, "[a] judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process." Smith v. Clark, 468 So.2d 138, 141 (Ala. 1985). Because the judge who denied Jenkins's first motion for sentence reconsideration was neither the sentencing judge nor the presiding judge, under § 13A-5-9.1 he was without jurisdiction to consider that motion, and the denial of that motion resulted in a void judgment.
The State argues alternatively that even if Jenkins's motion for reconsideration of his sentence is not precluded as a successive *1251 motion, the trial court should have denied his motion because Jenkins was convicted of an offense that is defined by statute as a violent offensefirst-degree robbery. See § 13A-11-70(2), Ala.Code 1975. The State further asks this Court to issue an opinion holding that anyone convicted of an offense that by statute is categorized as a violent offense is a violent offender as a matter of law and therefore not entitled to sentence reconsideration under § 13A-5-9.1. We need not, however, reach that issue here. Because it held that Jenkins's second Kirby motion was barred by the rule it announced in Wells precluding successive motions for sentence reconsideration, the Court of Criminal Appeals did not consider the merits of Jenkins's appeal. We decline to address the merits of an issue upon which the Court of Criminal Appeals has not yet ruled.
Because the judgment denying Jenkins's first motion is a void judgment, any rule limiting him to one motion seeking reconsideration of his sentence, assuming the validity of the motion, does not apply to him. Because such a rule is inapplicable to Jenkins, we need not, as previously noted, reach the question of the validity of that rule. We, therefore, reverse the judgment of the Court of Criminal Appeals and remand this case to that court for consideration of the merits of Jenkins's appeal.
REVERSED AND REMANDED.
WOODALL, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.
SEE, J., concurs in the result.
STUART, J., dissents.
COBB, C.J., recuses herself.
STUART, Justice (dissenting).
I respectfully dissent from the majority's decision to reverse the judgment of the Court of Criminal Appeals and remand this case for that court to address the merits of Jenkins's Kirby motion. In my special writing in Ex parte Butler, 972 So.2d 821 (Ala.2007), I maintain that a presiding judge or a sentencing judge does not have jurisdiction to entertain a motion for sentence reconsideration, as provided in § 13A-5-9.1, Ala.Code 1975, filed by an inmate who has been convicted of an offense that is statutorily defined as a violent offense. Jenkins was convicted of first-degree robbery, an offense that is defined in § 12-25-32(28), Ala.Code 1975, as a violent offense; therefore, Jenkins is not a "nonviolent convicted offender" under § 13A-5-9.1, and the circuit court never had jurisdiction to entertain Jenkins's motion, regardless of what judge entered the judgment purporting to rule on the motion. That court's judgment is void, and this Court should dismiss this appeal.