51 So.3d 394 (2010)
Craig Allen TURNER
v.
STATE of Alabama.
CR-08-1647.
Court of Criminal Appeals of Alabama.
March 26, 2010.
Rehearing Denied June 18, 2010.
Craig Allen Turner, pro se.
Troy King, atty. gen., and Jean-Paul M. Chappell, asst. atty. gen., for appellee.
PER CURIAM.
AFFIRMED BY UNPUBLISHED MEMORANDUM.
WISE, P.J., and WINDOM and MAIN, JJ., concur. WELCH, J., dissents, with opinion, which KELLUM, J., joins.
WELCH, Judge, dissenting.
For the reasons that follow, I respectfully dissent from unpublished memorandum affirming the circuit court's summary denial of Craig Allen Turner's Rule 32, Ala. R.Crim. P., petition for postconviction relief. Turner's petition challenged his April 2005[1] conviction for manufacturing a controlled substance and his sentence to 15 years' imprisonment. Turner did not appeal.
The instant Rule 32 petition, Turner's first, was deemed filed on April 3, 2009. In the petition, Turner claimed that the information filed by the district attorney *395 on March 31, 2005, was not made under oath, and because the information was defective, the trial court did not have jurisdiction to accept his guilty plea. Turner submitted the March 31, 2005, information to the circuit court as an exhibit to his petition. The information, while signed by the district attorney, was not notarized.
On May 11, 2009, Turner filed a motion for an evidentiary hearing. On May 12, 2009, the State filed a motion to dismiss, asserting that Turner's defective-information claim was nonjurisdictional pursuant to Ex parte Seymour, 946 So.2d 536 (Ala. 2006), and Patton v. State, 964 So.2d 1247 (Ala.Crim.App.2007), and that Turner's claim was barred under Rule 32.2(a)(3), (a)(5), and (c), Ala. R.Crim. P. On June 2, 2009, Turner filed a responsive pleading in which he argued that because he was convicted before the ruling in Seymour was issued, Seymour should not be applied retroactively to his petition.
On July 10, 2009, the circuit court issued the following order denying the petition:
"The State's Motion to Dismiss contains a review and response to Defendant's Rule 32 petition and the Court finds the State's motion to be fully supported by the facts of this cause. The Court has examined the above mentioned documents, the original court file, and the case action summary. Thereupon, the undersigned concludes that Defendant's claims as set out in his petition should be summarily dismissed for those reasons enumerated by the State. Specifically, the Court finds:
"1that Defendant's claim that the Court did not have subject matter jurisdiction over his case, although couched in jurisdictional terms is a nonjurisdictional claim, which is precluded by Rules 32.2(a)(3), (a)(5), and (c). Ala. R.Crim. P.
"Without limiting the generality of the foregoing conclusion, the Court notes that the State's motion makes it abundantly clear that no material issue of fact or law exists which would entitle the Defendant to any relief under Rule 32 of the Alabama Rules of Criminal Procedure."
(C. 30-31.)
On appeal, Turner reiterated the claims raised in his petition. The State argued that under Ex parte Seymour, 946 So.2d 536 (Ala.2006), and Patton v. State, 964 So.2d 1247 (Ala.Crim.App.2007), Turner's claim was nonjurisdictional, and because it was not timely raised, it was procedurally barred. The majority, in an unpublished memorandum, relied on Seymour and Patton to affirm the circuit court's denial of relief to Turner.
The issue presented by Turnerwhether the trial court derived jurisdiction from an unverified information in a guilty-plea casewas not an issue addressed in Seymour, and Seymour does not control our resolution of this case. The issue was, however, squarely presented in Ex parte Looney, 797 So.2d 427 (Ala.2001). In Looney, the Alabama Supreme Court stated the issue: "Whether the trial court had subject-matter jurisdiction to accept his guilty plea, given that the district attorney had not signed under oath the information purporting to charge the offense." 797 So.2d at 428. The Court held that the information was defective and that the defect was a jurisdictional error that nullified the conviction. The Court explained:
"Section 15-15-20.1(b), Ala.Code 1975, provides that once a defendant charged with a noncapital felony offense, in a criminal proceeding commenced by complaint, informs the court that he intends to plead guilty, the district attorney will file an `information [which] shall be made under oath of the district attorney *396 or a witness, and shall accuse the defendant with the same specificity as required in an indictment of the offense or offenses for which the defendant is charged.' (Emphasis added.)"
797 So.2d at 428.
The Court further explained that the word, "shall," as it was used in the statute, was unambiguous and had to be accorded its natural, plain meaning, which was mandatory and compulsory. The Court held:
"[W]e conclude that the word `shall,' as it is used in § 15-15-20.1, Ala.Code 1975, demands that the information be made under oath. The information submitted to the trial court at Looney's plea hearing was signed by the district attorney. However, the record contains no evidence whatever to indicate that the information was given under oath. Therefore, because it does not comply with the mandatory requirements of the statute, the information is defective.
"Citing Johnston v. City of Irondale, 671 So.2d 777 (Ala.Crim.App.1995), the State argues that this defect was nonjurisdictional and that Looney therefore waived his right to object to it on appellate review, by not objecting to it at the trial level. A defendant can waive irregularities in a court's obtaining jurisdiction over him. Ross v. State, 529 So.2d 1074, 1078 (Ala.Crim.App.1988) (quoting Sherrod v. State, 14 Ala.App. 57, 59-60, 71 So. 76, 78, rev'd on other grounds, 197 Ala. 286, 72 So. 540 (1916)). However, `"a formal accusation by indictment, or information, or complaint,"' made in the manner prescribed by law and `"supported by oath"' is a prerequisite to the trial court's jurisdiction `"and cannot be waived."' Id.; State v. Thomas, 550 So.2d 1067, 1070 (Ala.1989) (citing City of Dothan v. Holloway, 501 So.2d 1136, 1146 (Ala.1986) (Beatty, J., dissenting)).
"We conclude that because a sworn information is essential to confer on a trial court jurisdiction to accept a guilty plea, the district attorney's failure to make the information under oath cannot be waived. Thus, Looney could raise this issue on appeal.
"Because the information is defective, the trial court did not have jurisdiction to accept the plea. `In the absence of an indictment or information upon which this prosecution should have begun, the trial court was without jurisdiction to render judgment.' Ross v. State, supra, 529 So.2d at 1078 (citing Woodham v. State, 28 Ala.App. 62, 178 So. 464 (1938)). `Thus, the judgment was null and void and of no force and effect.' Id."

797 So.2d at 429. (Emphasis added.)
When the same issue was again presented in Patton v. State, 964 So.2d 1247 (Ala. Crim.App.2007), this Court determined that the Alabama Supreme Court had implicitly overruled Looney, and held that Patton's claimthat the district court did not have jurisdiction to convict and sentence him because the informations filed by the prosecutor were not given under oathwas not jurisdictional based on its interpretation of Seymour: I believe that this interpretation of Seymour was too broad. For the reasons discussed below, I am convinced the holding of Seymour is far more limited than this Court originally interpreted it to be in Patton. For similar reasons, I also believe that this Court unnecessarily and incorrectly held that Looney was implicitly overruled by Seymour. Although I do not easily decide that it is necessary to overrule a case, I have, following lengthy analysis and deliberation, determined that this Court's decision in Patton must be overruled. I also believe that Turner has presented a jurisdictional claim that should be addressed.
*397 As for my determination that the holding in Seymour has been interpreted too broadly, I note that the issue actually decided by the Alabama Supreme Court in Seymour was clearly stated in the first two sentences of that opinion:
"The issue presented in this case is whether a conviction is void for lack of subject-matter jurisdiction because the indictment charging the offense omitted an element of the offense. We hold that it is not."
946 So.2d at 536. The Court also stated, "We granted Seymour's petition for the writ of certiorari to determine whether the failure to allege a culpable mental state in the indictment charging Seymour with the offense of shooting into an occupied dwelling divested the trial court of jurisdiction over that offense." Id. at 537.
It is axiomatic that the holding in a case, the ratio decidendi, is established only by the decision's application of a principle of law to the particular facts of the case. After explaining that the jurisdiction of a court is derived from the Constitution and statutes of Alabama, the Court in Seymour determined only that the omission from the indictment of an element of a charged offense did not deprive a court of subject-matter jurisdiction over the charge. The Court in Seymour expressly overruled Ash v. State, 843 So.2d 213, 216 (Ala.2002), which held, in relevant part, that an indictment is the source of a trial court's jurisdiction, and Ex parte Lewis, 811 So.2d 485 (Ala.2001), which held that "[f]ailure to allege an essential element of the charged offense is a jurisdictional defect. ..." The Court also stated other cases like Lewis and Ashcases held that a valid indictment was the source of the trial court's jurisdictionwere overruled. Seymour addressed no defect in the indictment process other than the omission of an essential element of the charged offense.
The Court in Seymour was not confronted with deciding, for example, whether an indictment that was not preferred by the vote of 12 or more grand jurors was sufficient to confer subject-matter jurisdiction on the court. Such an indictment would not have been preferred in accordance with the Constitution of Alabama and the statutes governing the method by which defendants are charged with an offense by indictment. Nonetheless, Seymour has been cited for reasons far beyond its limited holding.
The following sweeping language from Seymour is often quoted:
"The validity of Seymour's indictment is irrelevant to whether the circuit court had jurisdiction over the subject matter of this case. A defect in an indictment may be error, see Rule 15.2(d), Ala. R.Crim. P.or even constitutional error, see Ala. Const., Art. I, § 8but the defect does not divest the circuit court of the power to try the case. A defendant who challenges a defective indictment is thus subject to the same preclusive bars as one who challenges any other nonjurisdictional error, such as an illegal seizure or a violation of the Confrontation Clause."
946 So.2d at 539.
It appears that in the conclusion of its opinion in Seymour the Alabama Supreme Court exceeded the scope of the issue on which it had granted certiorari review, and overstated its own holding in the case. Although the issue in Seymour was whether a conviction was void for lack of subject-matter jurisdiction because the indictment failed to allege an element of the charged offense, the Court stated a much broader conclusion: "We hold that a circuit court has subject-matter jurisdiction over a felony prosecution, even if that prosecution is based on a defective indictment." 946 So.2d at 539. That statement was far *398 more expansive than was necessary to resolve the issue on which the Court had granted certiorari review and is, essentially, obiter dictum. "Because obiter dictum is, by definition, not essential to the judgment of the court which states the dictum, it is not the law of the case established by that judgment. Gray v. Reynolds, 553 So.2d 79, 81 (Ala.1989)." Ex parte Williams, 838 So.2d 1028, 1031 (Ala.2002).
The broad statements of dicta have led to misinterpretation and misapplication of the actual holding in Seymour, which was far more limited. Reading those broad statements, it is easy to lose sight of the narrow issue decided in Seymour, i.e., whether the omission in an indictment of an element of the charged offense deprives the court of subject-matter jurisdiction. In fact, this Court lost sight of that narrow holding when it decided Patton. Patton alleged in his Rule 32 petition that the district court had had no jurisdiction to accept his guilty pleas and to impose sentences against him because the informations charging him were not given under oath. This Court relied on the overly broad interpretation of Seymour to hold that "any defect in the informations could not divest the district court of its power to accept the pleas." Patton, 964 So.2d at 1250. Nothing in the holding in Seymour supports the conclusion that a defect in the presentation of the charging document, itself, is a nonjurisdictional, waivable defect. An information or indictment not signed under oath and not preferred in accord with the statutes and Constitution of Alabama precludes a trial court from pronouncing judgment against a defendant. Absent the signature of the district attorney or a witness under oath, it remains merely a piece of paper with the charge against the defendant written upon it. Thus, while Alabama's trial courts derive their jurisdiction from the Alabama Constitution and the Code of Alabama and have the power to adjudicate cases, as the Alabama Supreme Court stated in Seymour, this power or jurisdiction can only be exercised through the filing of pleadings sufficient to invoke the power of the court to act.
An information or indictment not made under oath, therefore, does not comply with the mandatory requirements of the law and is insufficient to reach a trial court for adjudication. The question of subject-matter jurisdiction, of a court's power to decide a case, does not become relevant until a charge is properly placed before the court in the manner prescribed by the relevant law. Therefore, questions regarding whether a charge was properly presented are not resolved by reference to the missing-element holding In Seymour. As the Alabama Supreme Court has recognized, "jurisdiction" is a broad term:
"Jurisdiction in personal actions depends upon two elements: The subject-matter to be adjudged; the presence in court of the parties whose rights are to be affected by the judgment. In respect of subject-matter the court acquires jurisdiction by the act of its creation; it is inherent in the constitution of the court. The other element it acquires by its own act, by its process properly issued and served, or by voluntary appearance of the defendant. Lamar v. Commissioners' Court, 21 Ala. 772. `By jurisdiction over the subject-matter is meant the nature of the cause of action and of the relief sought.' Cooper v. Reynolds, 10 Wall. 316, 19 L.Ed. 931."
Wolff v. McGaugh, 175 Ala. 299, 57 So. 754, 755 (1911) (quoted in Seymour, 946 So.2d at 538). When the process necessary to initiate proceedings is defective, the resulting judgment is void; Seymour does not hold otherwise, and the Courts of this State have acknowledged this rule in post-Seymour cases.
*399 In Ex parte Jenkins, 992 So.2d 1248 (Ala.2007), Jenkins filed two motions for sentence reconsideration pursuant to § 13A-5-9.1, Ala.Code 1975, see Kirby v. State, 899 So.2d 968 (Ala.2004) ("Kirby motion"), and he appealed from the denial of the second motion. Jenkins argued that because the first Kirby motion was ruled on by a judge other than the sentencing judge or the presiding judge of the circuit,[2] the ruling on the first Kirby motion was void and the second motion was not prohibited by the rule against successive motions for sentence reconsideration. The Alabama Supreme Court held:
"Because § 13A-5-9.1 confers on a court continuing jurisdiction over a motion for sentence reconsideration, to be exercised by only the sentencing judge or the presiding judge, [the judge who ruled on the first motion], who was neither, did not have jurisdiction over Jenkins's first motion for sentence reconsideration. Accordingly, the judgment purporting to deny that motion is a void judgment."
Jenkins, 992 So.2d at 1250.
The State argued that the ruling on the first Kirby motion was not void but voidable, under the holding in Seymour. The Alabama Supreme Court disagreed and stated:
"In Seymour, we overruled a line of Alabama cases that recognized an indictment as the circuit court's source of jurisdiction in a criminal case, holding that `a defect in the indictment could not divest the circuit court of its power to hear the case.' Seymour, 946 So.2d at 538. Under our holding in Seymour, a defect in a criminal indictment no longer deprives the trial court of jurisdiction, as it had under the common law, but instead is a nonjurisdictional error that may be waived. The State argues that, because Jenkins failed to raise the improper denial of his first motion for sentence reconsideration in the trial court or on appeal, the error is waivable under Seymour, and the judgment denying his first Kirby motion is not void, but voidable.

"However, Seymour dealt with an area of the law rendered jurisdictional through a series of judicial decisions based in the common law. In the present case, jurisdiction over a motion for sentence reconsideration is conferred by the legislature in § 13A-5-9.1, as this Court recognized in Kirby and as the Court of Criminal Appeals held in Bulger [v. State, 904 So.2d 219 (Ala.Crim. App.2004)]. In Seymour, we stated:
"`Jurisdiction is "[a] court's power to decide a case or issue a decree." Black's Law Dictionary 867 (8th ed. 2004). ... That power is derived from the Alabama Constitution and the Alabama Code. See United States v. Cotton, 535 U.S. 625, 630-31 (2002) (subject-matter jurisdiction refers to a court's "statutory or constitutional power" to adjudicate a case).'
"946 So.2d at 538. Indeed, the Alabama Constitution states that a circuit court 'shall exercise general jurisdiction in all cases except as may otherwise be provided by law.' Amend. No. 328, § 6.04(b), Ala. Const.1901 (§ 142, Official Recomp.).
"By enacting § 13A-5-9.1, the legislature conferred on the trial court continuing jurisdiction over motions for sentence reconsideration, to be exercised by only the sentencing judge or the presiding judge. As the State acknowledges,

*400 `[a] judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process.' Smith v. Clark, 468 So.2d 138, 141 (Ala.1985). Because the judge who denied Jenkins's first motion for sentence reconsideration was neither the sentencing judge nor the presiding judge, under § 13A-5-9.1 he was without jurisdiction to consider that motion, and the denial of that motion resulted in a void judgment."
Jenkins, 992 So.2d at 1250. (Some emphasis added.)
The Alabama Supreme Court in Jenkins implicitly acknowledged that the holding in Seymour is limitedthat it does not operate to validate a judgment from a proceeding over which the trial court had no jurisdiction to consider. It is that principle of law that governed the Alabama Supreme Court's decision in Looney, and that principle was not overruled by Seymour. Moreover, as the Alabama Supreme Court noted in Looney, the procedure governing the acceptance of guilty pleas is designated by statute. The analysis applied by the Alabama Supreme Court in Jenkins regarding Kirby motions continues to apply in guilty-plea proceedings, and jurisdiction over a proceeding that is conferred by the legislature requires compliance with the mandatory procedures or any resulting judgment is void. Therefore, when this Court held in Patton that Patton's claim regarding the district attorney's failure to present informations signed under oath as required by § 15-15-21, Ala.Code (1975), might have raised a jurisdictional claim under Looney, if that case had not been abrogated by Seymour, I believe that this Court erred. Looney should have been applied in Patton, and Patton's claim should have been addressed on the merits. Therefore, this Court's decision in Patton should be overruled.
Furthermore, although the case predates Seymour, State v. Thomas, 550 So.2d 1067 (Ala.1989), is instructive. In Thomas, a juvenile court held Thomas in contempt of court for her failure to reveal the whereabouts of her son, who was suspected of committing delinquent acts. However, no delinquency petition had yet been filed with the juvenile court before Thomas was held in contempt. The Alabama Supreme Court agreed with this Court's determination that the juvenile court had no jurisdiction over Thomas:
"The jurisdiction of the juvenile court would attach only after a petition had been properly filed with the intake officer, and the court had conducted a preliminary inquiry to determine whether the child was within the jurisdiction of the court. ...
"In the present case, the petitions charging [the son] with murder and arson were not `sworn out' until after Mrs. Thomas had been found in contempt by the juvenile court and incarcerated. Because an action had not been properly commenced against Mrs. Thomas's juvenile son, the juvenile court did not have the jurisdiction to hold Mrs. Thomas in contempt. If the proper petitions charging [the son] had been filed with the intake officer and the preliminary inquiry conducted to determine if [the son] was within the jurisdiction of the juvenile court, the court could have properly exercised its powers and held Mrs. Thomas in contempt."
550 So.2d at 1072. (footnote omitted and some emphasis added).
Again, the principle of law applied in Thomas is the same one applied by the Alabama Supreme Court in Looney and in Jenkins: Unless a proceeding is properly initiated in accordance with the statute, constitution, or rule conferring jurisdiction *401 over the proceeding, any judgment resulting from that proceeding is void.
The foregoing principle of law was not abrogated by the holding in Seymour, and under that principle, the court below erred when it affirmed the dismissal of Turner's Rule 32 petition on procedural grounds. Turner's claim that the information against him was not signed under oath implicated the jurisdiction of the court, and that claim should have been addressed on the merits. Therefore, I would reverse the judgment of the trial court and remand the cause for further proceedings.
Finally, I note that as the discussion of jurisdictional principles and caselaw above reveals, consistency and clarity regarding jurisdiction in criminal cases has often been lacking. I agree with Justice Stuart's dissent in Ex parte Robey, 953 So.2d 363 (Ala.2006):
"The law in Alabama regarding a trial court's personal and subject-matter jurisdiction over a criminal defendant is convoluted, and the definition of subject-matter jurisdiction, i.e., a trial court's authority to render judgment and to impose sentence, is tortured with inaccuracy and confusion. This Court should seize the first opportunity to clarify the definition of a trial court's subject-matter jurisdiction in a criminal case."
953 So.2d at 365-66 (Stuart, J., dissenting). Justice Stuart dissented from the denial of the petition for a writ of certiorari because, she stated, "this petition presents an excellent opportunity to continue the clarification of the law on subject-matter jurisdiction that this Court began in Ex parte Seymour". 953 So.2d at 366. I likewise take this opportunity to encourage the Alabama Supreme Court to clarify the law on jurisdiction, and particularly to acknowledge that its holding in Seymour has been read far too broadly in cases in which it has been applied.
For all of the foregoing reasons, I would reverse the judgment of the circuit court and remand the cause for further proceedings.
KELLUM, J., concurs.
NOTES
[1] Turner and the State differ as to the precise date in April that Turner pleaded guilty and was convicted. However, the date is not pertinent to my dissent.
[2] Section 13A-5-9.1, Ala.Code 1975, was amended effective June 14, 2007, to allow a ruling by the sentencing judge or, if the sentencing judge is no longer in office, by any circuit judge appointed by the presiding judge.